490 F.Supp. 488 (1980)
Robert ALLEN, Jr., Plaintiff,
v.
HARRIS TRUCK & TRAILER SALES, INC., Defendant.
No. S79-122C.
United States District Court, E. D. Missouri, Southeastern Division.
June 10, 1980.
*489 Donald G. Musick, Mount Vernon, Ill., William A. Richter, St. Louis, Mo., for plaintiff.
Walter S. Drusch, Jr., Drusch & Dillars, Cape Girardeau, Mo., for defendant.

MEMORANDUM
NANGLE, District Judge.
This case is now before the Court on defendant's motion for summary judgment. Plaintiff brought this suit pursuant to 28 U.S.C. § 1332 seeking to recover damages due to defendant's alleged breach of an oral contract for the sale of a truck. According to plaintiff, defendant breached the contract by refusing to go through with it unless additional money was paid by plaintiff. Defendant, in its amended answer, denies that any oral contract was ever entered into between the parties, and admits only that terms of such a contract were discussed.
Section 400.2-201, R.S.Mo. (1969), provides in pertinent part that:
. . . a contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. . . .
This statute clearly applies to the instant action. Plaintiff has pled an oral contract for the sale of goods.[1] The sales price greatly exceeds five hundred dollars. No written instrument signed by or on behalf of defendant evidencing the contract is alleged to exist.
To escape the bar of the statute of frauds, plaintiff relies on the exception set out in § 400.2-201(3)(b). That section provides that a contract otherwise barred by the statute of frauds is enforceable if the party against whom enforcement is sought admits that a contract for sale was made. In the instant case, defendant's agent has admitted in his deposition that the parties agreed upon a sale of the truck. Defendant's agent, however, states that the agreement provided for the payment by plaintiff of the additional money later demanded by defendant. A similar theory was advanced in defendant's original answer.
In essence, therefore, this case presents a situation where both parties agree that a contract was made but disagree as to what the terms of that contract were.[2] This Court does not believe that § 400.2-201(3)(b) is applicable in this situation, since defendant has not admitted a contract for sale was made on the terms alleged by plaintiff. In this respect, this case is markedly different from Cargill Inc., Commodity Marketing Division v. Hale, 537 S.W.2d 667 (Mo.App.1976), in which the defendant admitted that a contract was agreed upon on the terms alleged by plaintiff.
*490 To allow defendant's testimony to avert the bar of the statute of frauds would place this Court in the undesirable position of determining which party is correctly stating the agreed upon terms of the sale. The statute of frauds was designed to prevent just such a swearing match.
At most, § 400.2-201(3)(b) would allow plaintiff to enforce the contract on the terms defendant contends were agreed to. Of course, defendant has not breached under those terms. This construction is consistent with the explicit language of § 400.2-201(3)(b). That subsection goes on to provide that a contract so admitted "is not enforceable . . . beyond the quantity of goods admitted". Likewise, the contract should be enforceable only on the terms admitted.
Defendant's motion for summary judgment will therefore be granted.
NOTES
[1] See § 400.2-105(1), R.S.Mo. (1969).
[2] It could also be argued that defendant has never admitted a contract was made, since the difference in terms indicates there was never a "meeting of the minds". In view of this Court's determination that § 400.2-201(3)(b) is not applicable even assuming an agreement was reached, this question need not be reached.