OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Whether the 1976 agreement was a novation or simply a modification of the 1974 agreement turns on the intent of the parties which, in the absence of extrinsic evidence of intent, is a question of law for the court (Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 288, 293). Comparison of the two agreements establishes that what was intended was modification rather than extinguishment of the 1974 contract.
*752 Arbitration of a claim for rescission for fraud must be commenced within six years after the date of the contract (CPLR 213, subd 1; 35 Park Ave. Corp. v Campagna, 48 NY2d 813) or within two years after the fraud was or with reasonable diligence could have been discovered (CPLR 203, subd [f]). Here the demand was served on August 12, 1981, more than six years after the date of the June 18, 1974 contract and more than two years after respondent learned of the irregularities upon which it now bases its claim’ of fraud in the inducement. The Appellate Division was, therefore, correct in staying arbitration of the demand for rescission.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.