■ CALLANAN INDUSTRIES, INC., Appellant, v MICHELI CONTRACTING CORPORATION, Respondent.—Main, J.

In 1973 and 1974, plaintiff performed paving work for defendant at an apartment complex construction project for which defendant was the site utility contractor and Carleton Construction Company (Carleton) was the developer. After completion of the paving work, plaintiff submitted a bill to defendant in the amount of $83,569.45, an amount subsequently reduced to $63,569.45. In October 1974, Carleton executed a promissory note to plaintiff's order in that amount. The note contained the notation "Payment approved Micheli Contracting Corp" which was signed by defendant's president. The note was personally guaranteed by two of Carleton's principals. In July 1975, the note remaining unpaid, plaintiff commenced an action against Carleton and the two personal guarantors. Although plaintiff obtained a default judgment, the judgment was never satisfied.

The present action was commenced in September 1975, although activity in the matter was stayed pending resolution of an action taken against Carleton by defendant. After activity resumed, defendant moved for summary judgment on the ground that the promissory note executed in favor of plaintiff constituted a novation, thus absolving defendant of liability. Plaintiff opposed the motion, contending that there was an issue of fact as to whether it intended to relieve defendant of liability. Finding that plaintiff had submitted nothing more than general denials of defendant's allegations, Supreme Court granted the motion. Plaintiff has appealed.

A novation has four elements, each of which must be present in order to demonstrate novation: (1) a previously valid obligation; (2) agreement of all parties to a new contract; (3) extinguishment of the old contract; and (4) a valid new contract (see, Wasserstrom v Interstate Litho Corp., 114 AD2d 952, 954; Town & Country Linoleum & Carpet Co. v Welch, 56 AD2d 708). Here, plaintiff contests the existence of the third element, extinguishment of the old contract. According to plaintiff, the execution of the promissory note is consistent with an attempt by plaintiff to gain additional security for the obligation, and there is thus an issue of fact as to whether it intended to extinguish the old contract. We are of the opinion that plaintiff has presented insufficient evidence to defeat defendant's motion for summary judgment.

In order to defeat summary judgment, "the opponent must present evidentiary facts sufficient to raise a triable issue of

fact, and averments merely stating conclusions, of fact or of law, are insufficient" *(Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290). Accordingly, while the question of whether a substituted agreement effects a discharge of a prior agreement constitutes a triable issue of fact if the opponent offers relevant extrinsic evidence, such an issue of fact does not arise when the opponent offers no evidence as to the parties' intent in making the agreement *(see, id.,* pp 292-293; *cf. Matter of Bowes & Co. v American Druggists' Ins. Co.,* 61 NY2d 750, 751; *Northville Indus. Corp. v Fort Neck Oil Terms. Corp.,* 100 AD2d 865, 868, *affd* 64 NY2d 930). This is the case here. While plaintiff has alleged in conclusory form that it did not intend to discharge defendant, it has offered absolutely no evidence in support of that conclusion. Further, plaintiff has failed to controvert the facts alleged in defendant's motion papers with anything other than general denials. This is patently insufficient. Supreme Court therefore properly granted defendant's motion for summary judgment.

Order affirmed, without costs. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.