■ CENTRAL FEDERAL SAVINGS & LOAN ASSOCIATION OF NASSAU COUNTY, Respondent-Appellant, v RICHARD PERGOLIS et al., Appellants-Respondents.—In an action to recover on a guarantee, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Morrison, J.), entered November 14, 1988, as denied their cross motion for summary judgment dismissing the complaint, and the plaintiff cross-

appeals from so much of the same order as denied its motion for summary judgment in its favor.

Ordered that the order is reversed insofar as appealed from, on the law, the cross motion is granted, and the complaint is dismissed; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs.

The defendants are licensed real estate brokers primarily engaged in the business of mortgage brokerage. In 1981, Itzhak Percel, an established builder, approached them about the possible conversion of a commercial building located on Atlantic Avenue in Brooklyn into an apartment and office building.

The defendants entered into negotiations with APCO Manufacturing (hereinafter APCO), the owner of the building, to purchase it. Because an immediate sale of the building would result in adverse tax consequences to APCO, the defendants agreed to lease the building from APCO commencing in April 1982 with an option to purchase it in 1985. They planned to renovate the building during the lease term. APCO, who was to retain title to it, agreed to execute a mortgage to secure the construction loan.

The defendants then contacted the plaintiff about mortgage financing. The plaintiff agreed to provide the financing and to participate in the project as a joint venturer through its wholly-owned subsidiary, Second Downstream Service Corp. (hereinafter Second Downstream). Second Downstream entered into a joint venture agreement with Grid Associates, a partnership composed of the defendants, Itzhak Percel and an architect, Richard Banks. The joint venture which was formed between Second Downstream and Grid Associates was known as A/P Associates.

Article VI of the joint venture agreement provided that management of the joint venture was vested in a management committee composed of two representatives from Second Downstream and the defendants representing Grid Associates. Second Downstream's representatives had one vote each on the management committee, while Grid's representatives had only one vote between them.

The mortgage, the mortgage note and the lease were all executed on April 1, 1982. The loan was for $6,500,000, payable in full on April 1, 1984. On April 1, 1982, the defendants also executed a personal guarantee for the full

amount of the loan. Construction commenced shortly thereafter but, because it proceeded at a slower rate than had been expected, the loan could not be repaid when it matured. On July 9, 1984, several modifications to the loan terms were executed by Henry Schreiber for the plaintiff and Ralph Cerulli for A/P Associates. Both were Second Downstream's representatives on the management committee. Pursuant to those modifications, (1) the mortgage on the fee title to the premises was released in its entirety and a mortgage on leasehold interests in the premises was substituted, (2) the $6,500,000 mortgage was severed so that $1,100,000 was placed on the leasehold covering the residential portion of the premises and $5,400,000 was placed on the leasehold covering the commercial portion of the premises, (3) the $1,100,000 mortgage on the residential leasehold estate was assigned to A/P Associates for a stated consideration of $1,100,000, (4) the $6,500,000 mortgage dated April 1, 1982, was modified so that the grace period for defaults was extended from 10 days to 15 days and the penalty for late payments was reduced from 12 cents for each dollar to 4 cents for each dollar, and (5) the $5,400,000 mortgage on the commercial leasehold was "spread" to cover a stated remaining debt of $6,500,000.

At the time of the commencement of this action, A/P Associates owed the plaintiff $1,141,686.42 plus interest, which the plaintiff now seeks to recover from the defendants as guarantors.

As a general rule, any material or substantial alteration of the terms of a contract, for whose performance a surety is bound, when made without the surety's consent, releases the surety from his or her obligations as surety (see, Becker v Faber, 280 NY 146; 63 NY Jur 2d, Guaranty and Suretyship, § 194).

The modifications of the loan terms released the defendants as sureties. The modifications were substantial, changing the nature of the agreement between the plaintiff and A/P Associates. The effect of these modifications was to reduce the collateral for the loan from a mortgage on the entire fee to a mortgage on the commercial leasehold only, thereby increasing the risk to the defendants. Although, on its face, the mortgage, as modified, appears to secure the loan up to the full $6,500,000, the residential leasehold was assigned to A/P Associates for only $1,100,000 and the commercial space was sold for only $1,600,000. Therefore, it cannot be said that the plaintiff received a full equivalent in exchange for the security

surrendered *(see,* 63 NY Jur 2d, Guaranty and Suretyship, § 245).

There is no evidence in the record to support the plaintiff's contention that the defendants consented to the modifications. The plaintiff, through its wholly-owned subsidiary, Second Downstream, controlled the management committee with two votes to the defendants' one. In addition, all of the documents which effectuated the modifications to the mortgage were signed by Henry Schreiber, for the plaintiff, and Ralph Cerulli, for A/P Associates, Second Downstream's representatives on the management committee. The signatures of the defendants are not found on any of those documents. Moreover, the terms of the joint venture agreement do not reveal that the parties contemplated or should have anticipated the changes that were made *(see,* 63 NY Jur 2d, Guaranty and Suretyship, § 208). Therefore, the defendants are entitled to summary judgment. Kunzeman, J. P., Sullivan, Lawrence and O'Brien, JJ., concur.