■ CONOPCO, INC., Respondent-Appellant, v WATHNE LIMITED, Appellant-Respondent, et al., Counterclaim Defendant.— Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered June 25, 1992, which, *inter alia,* denied the motion of defendant Wathne Limited ("defendant") and the cross-motion of plaintiff Conopco, Inc. ("plaintiff") for summary judgment, is unanimously modified, on the law, so as to grant defendant's motion for summary judgment to the extent of

declaring that the letter dated February 12, 1988 is a binding agreement that could not be terminated by "amendment", and to dismiss the first and second causes of action in plaintiff's amended complaint, and otherwise affirmed, without costs.

The parties' intention to be bound by the letter dated February 12, 1988 is evidenced by its language and terms, and it is such manifestation of the parties' intention, rather than actual or real intention, which controls *(Four Seasons Hotels v Vinnik,* 127 AD2d 310, 317; 21 NY Jur 2d, Contracts, § 29). Thus, the deposition testimony of Robin Burns regarding her subjective understanding as to the legal effect of a Letter Agreement is insufficient to raise an issue of fact with respect to whether or not there was a contract. "A contract does not necessarily lack all effect merely because it expresses the idea that something is left to future agreement" *(supra,* at 317). The Letter Agreement contains all of the essential terms of the contract, and the fact that the parties intended to negotiate a "fuller agreement" does not negate its legal effect. Thus, the declaration plaintiff seeks in the first cause of action is unwarranted. Nor do we find, with respect to the second cause of action, that the Letter Agreement terminated upon amendment of the License Agreement between Calvin Klein Industries, Inc., and Calvin Klein Cosmetics Corporation. Such a reading, which allows plaintiff to evade its obligations to defendant by "amending" the Letter Agreement out of existence, is impermissible: "A party has no right to induce another to contract with him on the supposition that his words mean one thing while he hopes that a court will adopt a construction by which the same words will mean another, more to his advantage." *(Lowe v Feldman,* 11 Misc 2d 8, 11-12, *affd* 6 AD2d 684.)

Issues of fact do exist with respect to the third cause of action alleging that defendant breached the Letter Agreement by, among other things, shipping inferior goods, failing to document its "first cost" of the goods produced, and breaching the confidentiality and trademark restrictions incorporated by reference from the License Agreement. In this light, issues of fact are further raised by defendant's counterclaims. Concur—Murphy, P. J., Milonas, Rosenberger, Kassal and Rubin, JJ.