■ Joseph J. Concilla et al., Respondents, v William B. May et al., Appellants, and Stephen J. Heenan et al., Defendants and Third-Party Plaintiffs-Appellants. Carolyn B. Tranter, Third-Party Defendant-Appellant. [625 NYS2d 346] —White, J. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered January 26, 1994 in Saratoga County, upon a decision of the court in favor of plaintiffs.

In 1972, plaintiffs purchased real property located in the Town of Galway, Saratoga County, from the May family. In the spring of 1987, plaintiff Helen L. Concilla (hereinafter plaintiff) asked defendant William B. May if he would be willing to sell plaintiffs a vacant lot adjoining their property that the May family owned. As May appeared receptive, plaintiff, on June 23, 1987, forwarded a proposed purchase contract to him in which she offered to pay $1,500 for the lot. May rejected the offer on June 29, 1987, pointing out to plaintiff that he believed that Saratoga County had acquired title to the lot by means of a tax sale and, in any event, he only owned 50% of the property with the remaining interest being owned by minor children, a retarded child, an alcoholic and an uncooperative person.

When plaintiff learned that the County had not acquired title, she telephoned May on August 11, 1987 to again discuss purchasing the lot. At this point, May purportedly indicated to plaintiff that he could convey a 90% interest to her. On February 29, 1988, plaintiff forwarded another proposed purchase contract to May offering $1,500 for a 90% interest in the property. May did not execute the contract. Instead, on May 16, 1988, he sent plaintiff a letter containing information regarding the state of the title and inquiring if the terms and conditions he proposed therein were acceptable to plaintiff.

Plaintiff maintains that, on May 31, 1988, she sent a letter through "Mail 'N More" to May accepting the terms and conditions he proposed and enclosing certain documents he

needed to prepare the necessary deeds.* Aside from two telephone calls plaintiff made to May in June 1988 and July 1988, the next significant event occurred on August 12, 1988, when May authored a letter to plaintiff advising her that an appraisal showed that the property had a value of $7,500 as is or $18,000 if a variance was obtained to permit it to be used as a building lot. He further advised plaintiff, in essence, that he could not accept her offer. On August 17, 1988, May mailed a copy of the appraisal to plaintiffs, informing them that "[u]nless I hear back from you, I will be listing this property with the realty firm for sale". Plaintiffs never increased their offer.

Ultimately, May conveyed his interest to defendant Patricia A. Gidley on July 25, 1989. Even though plaintiffs filed a notice of pendency on August 2, 1989, the property was conveyed in December 1989 to defendants Stephen J. Heenan and Barbara K. Heenan (hereinafter collectively referred to as Heenan).

At the conclusion of a bench trial of this action wherein plaintiffs sought specific performance or, in the alternative, money damages, Supreme Court found that May's letter of May 16, 1988 constituted an offer which was accepted by plaintiff in her May 31, 1988 letter. It then proceeded to award plaintiffs a judgment directing May to specifically perform the contract to the extent of conveying to plaintiff his 50% interest in the subject property. Defendants and third-party defendant appeal.

The initial issue we confront is whether May's May 16, 1988 letter constituted an offer or was merely an invitation to make an offer. In considering this issue, we are not bound by Supreme Court's findings and may render the judgment we find warranted by the facts *(see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499).

It is recognized that an offer is the manifestation of willingness to enter into a bargain and that it must be definite and certain *(see,* Restatement [Second] of Contracts § 24; 21 NY Jur 2d, Contracts, § 34, at 453). It is also recognized that in the process of negotiation, a party may use words that standing alone would normally be understood to be words of contract, but the natural construction of the words and conduct of the parties is that they are inviting offers or suggesting the terms of a possible future bargain *(see, Chiapparelli v Baker, Kellogg & Co.,* 252 NY 192, 197; *Jabara v Songs of Manhattan*

---

* May denies receiving this letter.

*Is. Music Co.,* 1989 US Dist LEXIS 1727, 1989 WL 16614 [US Dist Ct, SD NY, Feb. 24, 1989, Wood, J.]).

Guided by these maxims, we shall examine May's letter of May 16, 1988. While the letter indicates a willingness to sell the property to plaintiffs, it lacks the definiteness and certainty required of an offer as its tone is informational and exploratory *(see, Brookhaven Hous. Coalition v Solomon,* 583 F2d 584, 593; *Martin Delicatessen v Schumacher,* 52 NY2d 105). Specifically, May outlines the state of the title to assist plaintiffs "in determining whether you wish to take title" and then goes on to set forth certain conditions and terms. If plaintiffs found them acceptable, he would then "proceed to the job of getting deeds signed as soon as you have supplied me with the description". With respect to the deeds, May wrote that "I have tentatively the figure of 90%, which will be conveyed". In light of May's use of the word "tentatively", and as it would not be expected that an experienced attorney like May would agree to convey interest in property he did not own, May's purported agreement to convey a 90% interest cannot be considered a definite and certain offer. Instead, weighing all of the factors surrounding the letter, it must be viewed not as an offer but a suggestion of the terms of a future bargain when and if May obtained deeds of the 40% interest in the property he did not own. Therefore, even assuming plaintiff's May 31, 1988 letter was an offer to purchase pursuant to the contingencies contained in May's letter of May 16, 1988, May's August 1988 letters rejected it. Thus, we find that there was no contract formed between plaintiffs and May.

Having reached this determination, we need not consider the remaining contentions of defendants and third-party defendant. For these reasons, we reverse.

Cardona, P. J., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, with one bill of costs, and complaint dismissed.