■ GAULTNEY-KLINEMAN ART, Respondent-Appellant, v FREDERICK HUGHES, as Executor of ANDY WARHOL, Deceased, Appellant-Respondent. [642 NYS2d 265] —Order and judgment (one paper), Supreme Court, New York County (Joan Lobis, J.), entered April 27, 1995, which denied defendant's motion for summary judgment dismissing the complaint, and granted plaintiff's cross motion for summary judgment to the extent of granting judgment on the second cause of action for specific performance of an oral agreement, unanimously modified, on the law, to grant summary judgment in defendant's favor dismissing the second cause of action for specific performance of the alleged oral contract and the third cause of action for breach of the alleged oral contract, and otherwise affirmed, without costs.

The parties' 1985 contract does not unambiguously make plaintiff's right of first refusal to publish and sell any "New Images" prepared by the artist Andy Warhol in 1986 and 1987 inclusive of the 10 silkscreen images of Western American themes denominated in the agreement as "Images". With respect to its first cause of action based on paragraph 8 of the contract, plaintiff's interpretation that its right of first refusal pertained to any and all works of art created by this well

known and highly successful artist for a two-year period requires a hyperliteral reading of the provision without regard for the agreement's remaining provisions, would bestow a windfall on plaintiff, and contravenes settled maxims of contractual interpretation, including that the contract be read as an integrated whole, and that " '[a] party has no right to induce another to contract with him on the supposition that his words mean one thing while he hopes that a court will adopt a construction by which the same words will mean another, more to his advantage.' " (*Conopco, Inc. v Wathne Ltd.*, 190 AD2d 587, 588, quoting *Lowe v Feldman*, 11 Misc 2d 8, 11-12, *affd* 6 AD2d 684.) We have considered plaintiff's other contentions on this issue, as to which defendant did not appeal, and find them to be without merit.

With respect to the second cause of action alleging an oral agreement for the disposition of 250 prints that were initially created for, but ultimately excluded from, the project, we find that defendant did not sufficiently admit the existence of the agreement so as to remove it from the Statute of Frauds under the so-called "judicial admissions" exception of UCC 2-201 (3) (b). While defendant concedes that the parties engaged in extensive negotiations concerning the prints, he steadfastly maintains that the negotiations were never finalized and that he does not even remember the specific terms. To the extent that excessive badgering on this issue during deposition caused defendant to state, once, that an agreement had been reached, we find that singular statement inadequate to satisfy the exception. At a minimum, defendant's insistence that the contract was never final and that, although he could not remember the terms, he was certain that plaintiff's self-serving and vague rendition thereof was inaccurate, is not sufficient to invoke the exception (*see, Allen v Harris Truck & Trailer Sales*, 490 F Supp 488 [ED Mo 1980]). Concur—Wallach, J. P., Ross, Williams and Mazzarelli, JJ.