■ PENN PALACE OPERATING, INC., Respondent-Appellant, v Two PENN PLAZA ASSOCIATES, Appellant-Respondent. [657 NYS2d 41] —Order and judgment (one paper), Supreme Court, New York County (Emily Jane Goodman, J.), entered February 26, 1996, which, in an action by plaintiff tenant against defendant landlord to enforce a right of first refusal to the subject premises, *inter alia*, granted the tenant's cross motion for summary judgment only to the extent of declaring that paragraph 1 (A) (6) of the lease, which gives the landlord a right to terminate the lease if certain financial statements are not furnished, is no longer applicable, unanimously modified, on the law, to declare that the tenant properly exercised its right of first refusal and is entitled to a lease of the disputed space, and to otherwise grant the tenant's motion for summary judgment on its first cause of action, and otherwise affirmed, with costs to plaintiff.

Longchamps and its successors guaranteed the original 1965 lease and also executed the 1975 Lease Modification Agreement making it responsible for certain of the tenant's obligations. However, in 1980 and 1981, the parties agreed to other changes in their obligations under the lease, including reduction in the amount of leased space and monthly rent and inclusion of a right of first refusal in favor of the tenant, and in 1987, the parties executed a 16-year extension of the lease term. These were material and substantial alterations in the terms of the lease that were made without the consent of Longchamps or its successors, and therefore released them from their obligations as the tenant's surety (*see, Central Fed. Sav. & Loan Assn. v Pergolis*, 173 AD2d 587). Accordingly, the IAS Court correctly held that the tenant was no longer required to establish the financial condition of Longchamps or its successors and was not in violation of the lease for not having done so. However, we disagree with the IAS Court that the tenant must demonstrate its own financial ability to perform in order to establish its right of first refusal as specified in paragraph 2 of the Amendment to Lease dated October 23, 1987. As the landlord's notice dated September 14, 1993 set forth the material terms of the lease for the disputed space, the fact that nonmaterial terms still needed to be negotiated

before the lease would be "mutually satisfactory" did not render the notice a mere agreement to agree (*see, Conopco, Inc. v Wathne Ltd.*, 190 AD2d 587). We therefore modify to grant the tenant summary judgment on its first cause of action. Concur—Sullivan, J. P., Milonas, Wallach and Rubin, JJ.