■ TAJ INTERNATIONAL CORP., Appellant, v EDWARD G. BASHIAN & SONS, INC., Respondent. [674 NYS2d 307] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about September 23, 1996, which, insofar as appealed from, denied plaintiff's motion for summary judgment, unanimously reversed, on the law, with costs, and the motion for summary judgment granted. The Clerk is directed to enter judgment accordingly.

Plaintiff seeks to recover a sum of money from defendant pursuant to a handwritten promissory note signed by both parties. The two-page handwritten note provides that defendant will pay plaintiff the sum of $49,600 for rugs on consignment with defendant; that the amount is to be paid in seven installments pursuant to a payment schedule set forth; and that if any check fails to clear, "there will be a 10% penalty fee per month" until such time as the check does clear. Each page of the note is signed by the parties. Written across the margin along the left-hand side of the first page, in capital letters, is the following notation: "BASIC AGREEMENT REACHED W/BASHIAN ON 6/20/95 THAT I WAS TO CLARIFY & TYPE FOR FINAL SIGNING." It is undisputed that this notation was written by TAJ, and, on the motion on appeal, defendant did not contest TAJ's representation that it was added by TAJ after the parties had signed the note.

Defendant made the first two payments pursuant to the terms of the note, but stopped payment on the checks issued to cover the third and fourth payments. No further payments were tendered, and plaintiff thereafter brought this action to recover the balance due. Defendant contended it was not bound by the handwritten note because it did not reflect a final agreement between the parties; defendant claimed there was a contemporaneous oral agreement that the handwritten note would be replaced by a typewritten agreement spelling out the final terms between the parties. To support this claim, defendant pointed both to the notation on the first page of the note as well as a proposed typewritten version of the agreement that included terms not present in the handwritten note. This version was never signed by either party, and, according to plaintiff, merely represents plaintiff's subsequent attempt to secure more favorable terms.

Plaintiff moved and defendant cross moved for summary judgment. The IAS Court denied both motions, finding that while defendant's "partial performance is a strong indication that the minds of the parties had met on some essential elements, there remains an issue of fact as to whether the parties intended to be bound by the handwritten note or, were waiting to finalize the terms of their agreement in a formal document after further consideration of their discussion and negotiations. The notation contained within the handwritten document is ambiguous as to its meaning and intent." In addition, apparently as further evidence that the parties had not reached a final agreement, the court noted that two different typed versions of the agreement had been submitted for its consideration,

the first being the one submitted by defendant, while the second was a typed version identical to the handwritten note but without the notation. The latter, however, apparently was offered by plaintiff only to present the contents of the handwritten note in more legible fashion for the court, and thus only one typed "proposed agreement" actually existed.

Both parties initially appealed the court's order, but defendant thereafter withdrew its cross appeal. According to a letter to this Court from defendant's counsel, defendant was no longer financially able to pursue the cross appeal or contest plaintiff's appeal. In any event, upon consideration of the record as well as the parties' respective positions on the motion, we conclude that summary judgment should have been granted as to plaintiff.

Whether the parties intended to be bound by the handwritten note must be determined by an objective test (see, Four Seasons Hotel v Vinnik, 127 AD2d 310, 317), and the inquiry as to such intent "centers upon * * * whether there was a 'meeting of the minds' regarding the material terms of the transaction" (Central Fed. Sav. v National Westminster Bank, 176 AD2d 131, 132). Here, given that the notation was inscribed subsequent to the execution of the note, we must consider the parties' intent to be bound, or lack thereof, at the time the note was actually signed, and, therefore, on the basis of the contents of the note alone. We find that the note reflects a clear and unambiguous agreement between the parties, the terms of which are both specific and comprehensive in scope. The purpose of the note is succinctly expressed and a specific payment schedule is set forth, including a penalty clause that goes so far as to provide an example of how the penalty was to be calculated. Moreover, the parties signed both pages of the note; on the first page, the signatures appear next to the words "Agreed to by," while on the second page they appear immediately under the sole provision on the page, which states that once the checks issued pursuant to the payment schedule have cleared, TAJ "has no further claim on" defendant.

These factors point to a binding agreement between the parties and a mutual intent to be bound, rather than a memorialization of inconclusive negotiations or a "mere agreement to agree, in which a material term is left for future negotiations" (Martin Delicatessen v Schumacher, 52 NY2d 105, 109). Given what the note purports to cover—payment for particular goods—it does so in definite, not conditional, terms, and neither the court nor defendant identified the omission of some

provision that could be considered material. Further reinforcing our conclusion in the instant matter is defendant's adherence to the payment schedule as to the first two of the seven payments to be made.

In view of our determination that the note embodies a clear and unambiguous agreement between the parties, extrinsic evidence may not be considered to vary its terms or challenge its validity. Such extrinsic evidence includes defendant's claim of a contemporaneous oral agreement (as allegedly expressed in the notation) or the typewritten "proposed agreement." Contrary to the IAS Court's apparent treatment of the margin notation as if it were itself a term of the note, it was uncontested that the notation was added after the note had been executed. Thus, it may not be used as evidence of an oral agreement at variance with the terms of the note itself. In this regard, we note that, even where parties contemplate a more formal agreement, or, indeed, a " 'fuller agreement' " (*Conopco, Inc. v Wathne Ltd.*, 190 AD2d 587, 588), a document may nonetheless be enforceable where it contains essential or material terms of the agreement "and otherwise manifests [the parties] mutual intent to be bound" (*Kochiam Intl. v Communication Control Sys.*, 243 AD2d 284, 285). Concur—Sullivan, J. P., Milonas, Ellerin, Nardelli and Mazzarelli, JJ.