■ MICHAELS DEVELOPMENT GROUP, INC., Appellant, v DONALD C. GREENE, Doing Business as DCG DEVELOPMENT COMPANY, Respondent. [700 NYS2d 275] —Carpinello, J. Appeal from an order of the Supreme Court (Keniry, J.), entered December 3, 1998 in Saratoga County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

At issue on this appeal is whether a March 18, 1998 single-page letter written by one sophisticated real estate developer to another was sufficiently definite and certain as to constitute an offer to sell a 26-lot municipally approved subdivision such that its verbal acceptance by the addressee created a legally binding contract. A review of the record reveals that the parties had been discussing the possible sale of the subdivision since July 1997 and that their negotiations had resulted in the exchange of various drafts of multipaged proposed contracts of sale. None of these drafts, each of which contemplated a minimum aggregate purchase price in excess of $1 million, was ever executed as the parties continued to negotiate back and forth on different points.

On March 18, 1998, defendant's vice-president sent a letter to plaintiff's president which began, "As a result of recent negotiations our position on [the subdivision] has evolved. The terms offered are as follows: * * *". The letter concludes, however, by noting that "if you feel [the letter] forms the basis for something we can work on let me know". Contending that it verbally accepted this "written offer", plaintiff sued for specific performance to compel the sale of the lots. Plaintiff's appeal from Supreme Court's order granting defendant sum-

mary judgment dismissing the complaint must result in an affirmance.

This case is not substantially different from *Concilla v May* (214 AD2d 848, 850, *lv denied* 86 NY2d 705) in which this Court held that a similar letter had to "be viewed not as an offer but a suggestion of the terms of a future bargain". Since the language employed in the subject letter unambiguously contemplated a future bargain, Supreme Court did not err in finding that no contract existed as a matter of law (*see, Keis Distrib. v Northern Distrib. Co.*, 226 AD2d 967, 968; *Four Seasons Hotels v Vinnik*, 127 AD2d 310, 316).

Mercure, J. P., Crew III, Peters and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.