■ BETTER ENGINEERED SYSTEMS TECHNOLOGY, INC., Respondent, v SOUND ELECTRIC CORPORATION et al., Appellants. [736 NYS2d 316] —Judgment, Supreme Court, Bronx County (Sidney Asch, J.H.O.), entered on or about October 24, 2000, which, after a nonjury trial, *inter alia,* awarded plaintiff subcontractor damages against defendant contractor Sound Electric Corporation for breach of contract, and from defendant surety Insurance Company of North America pursuant to its payment bond, and against defendant Richard Feil individually, upon his guarantee of certain obligations of defendant Sound Electric under its settlement agreement with plaintiff, and awarded plaintiff legal fees as against all three defendants, unanimously modified, on the law, to reduce the personal liability of defendant Feil upon his guarantee by $10,000 and to strike the award of attorneys' fees as against Feil, and otherwise affirmed, without costs.

Our review of the trial evidence discloses that the trial court's conclusion, that defendant Sound Electric's failure to file an assignment of lien with the City of New York, in accordance with its settlement agreement with plaintiff, constituted a substantial breach of that agreement, was premised on a fair interpretation of the evidence. Accordingly, that conclusion may not be disturbed (*see*, *Matter of Kaplan v Werlin*, 215 AD2d 387, *lv denied* 87 NY2d 806). We also decline to disturb the trial court's finding that plaintiff's "terms and conditions," annexed to the parties' purchase order, survived the settlement agreement, since there is no indication that the settlement agreement, which is not in any material way inconsistent with the "terms and conditions," was intended to displace the earlier agreement, which we note is, by its express terms, unwaivable, except "by a written and signed statement from an officer of the company." Inasmuch as the "terms and conditions" survive, and said "terms and conditions" require Sound Electric's payment of plaintiff's attorneys' fees where Sound Electric has been found to have defaulted in meeting its obligation thereunder to pay plaintiff, the trial court's award of attorneys' fees as against Sound Electric was proper. However, the award of attorneys' fees as against defendant Feil must be vacated since Feil was not personally bound by the "terms and conditions" binding on Sound Electric, and there is no other agreement or statutory authority before the court pursuant to which Feil might be held responsible for plaintiff's attorneys' fees (*see*, *Hirschfeld v IC Sec.*, 132 AD2d 332, 338-339, *appeal dismissed* 72 NY2d 841). In addition, although Feil was properly found liable upon his personal guarantee, the amount for which he was found answerable was excessive inasmuch as he was not given credit for $10,000 he paid plaintiff in his capacity as guarantor. We therefore reduce his liability under his guarantee by $10,000. With respect to the liability of defendant Insurance Company of North America on its payment bond, the settlement agreement did not materially alter the terms of the prior contract between plaintiff and Sound Electric, and, accordingly, the surety's obligation to pay the payment bond covering Sound Electric's obligations to plaintiff under that contract has not been released (*cf.*, *Central Fed. Sav. & Loan Assn. v Pergolis*, 173 AD2d 587). Defendant insurance company was also properly assessed for plaintiff's attorneys' fees pursuant to the State Finance Law, since, as the trial court implicitly found, the insurance company's defense to payment of its bond lacked a substantial basis in law or fact (*see*, State Finance Law § 137 [4] [c]).

We have considered appellants' remaining contentions and

find them unavailing. Concur—Williams, J. P., Tom, Lerner, Buckley and Friedman, JJ.