IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 22, 2002 Session

## OFF ROAD PERFORMANCE/GO RHINO
### v.
## JOHN WALLS d/b/a JOHN WALLS FOUR WHEEL DRIVE

Appeal from the Circuit Court for Shelby County
No. 302529 T.D.     Robert L. Childers, Judge

No. W2001-02563-COA-R3-CV - Filed September 16, 2002

This is a breach of contract case. The parties had an oral contract for the sale of goods. The plaintiff seller asserted that the parties orally agreed on a price of $23,000; the defendant buyer paid $10,000 in advance of shipment. The buyer maintained that his $10,000 payment was the entire agreed sale price. The trial court found that the sale price was $23,000. The defendant appeals, arguing that Tennessee's statute of frauds prohibited enforcement of the contract beyond the price admitted by the defendant. We affirm, finding that, once the defendant admitted the existence of an oral contract, the trial court could determine the contract's terms based on witness testimony and other relevant evidence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Terry D. Smart, Memphis, Tennessee, for the appellant John Walls D/B/A John Walls Four Wheel Drive.

William A. Cohn, Cordova, Tennessee, for the appellee, Off Road Performance/Go Rhino.

**OPINION**

Plaintiff/Appellee Off Road Performance ("Off Road") is a California company dealing in aluminum products. Off Road often purchases inventory from distributors in order to acquire shelf space for its own merchandise. Off Road then sells this "close-out" inventory, usually at an 80% to 85% discount. Defendant/Appellant John Walls sells truck accessories and often buys close-out inventory for resale.

In March, 1997, Off Road's national sales manager, Mark Patterson, contacted Walls to see if he was interested in purchasing a large amount of close-out inventory. The owner and president of Off Road, Ron Store, later sent a letter to Walls listing the inventory and telling Walls that Off Road was "looking to clear out the whole lot at 80 percent discount back of jobber." Several telephone conversations followed. Store asserted that the final agreement between him and Walls was "80 percent off the jobber price, which is, the jobber price was about $118,000, so it came to approximately $23,700 something which we rounded it down to an even 23,000. And what we had negotiated, he would send a deposit check . . ."

Walls sent Off Road a check for $10,000. Off Road immediately shipped the merchandise to Walls. After Off Road shipped the merchandise, Store said that he contacted Walls numerous times to collect the unpaid balance of $13,000. Store said that Walls told him he could not pay because of an ongoing UPS strike. In September 1997, Off Road's accounts receivable department again contacted Walls for payment. Walls told them that he did not owe anything more than the $10,000 he had already paid. On October 23, 1997, Off Road faxed an invoice to Walls for $13,000. When Walls failed to pay, Off Road filed suit against him in general sessions court for the unpaid balance. In general sessions court, a judgment was entered in Off Road's favor. Walls appealed this judgment to circuit court.

In circuit court, a trial was held on July 30, 2001. At trial, Walls disputed that the agreed price was $23,000. Walls testified that he negotiated with Patterson to prepay $10,000 for the entire lot and that he then immediately sent an overnight check for that amount. Walls said that the first he heard of the unpaid balance was on October 23, 1997, when he received the invoice from Off Road for $13,000. At the conclusion of the testimony, the trial court found Walls liable under the oral contract for the entire $23,000 and entered a judgment against Walls for the unpaid balance of $13,000, plus interest. From this order, Walls now appeals.

On appeal, Walls argues that under Tennessee's statute of frauds, section 47-2-201 of Tennessee Code Annotated, the trial court could not enforce the oral contract beyond the price to which Walls admitted. This issue involves statutory construction; therefore, this Court's review is de novo without a presumption of correctness. *See Freeman v. Marco Transp. Co.*, 27 S.W.3d 909, 911 (Tenn. 2000).

Tennessee's statute of frauds, section 47-2-201 of Tennessee Code Annotated, provides in pertinent part:

> (1) Except as otherwise provided in this section, a contract for sale of goods for the price of five hundred dollars ($500) or more is not enforceably by way of action or defense unless there is some writing or record sufficient to indicate that a contract for

sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker . . . .

     . . . .

(3)  A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable:

     . . . .

> (b) if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted;

Tenn. Code Ann. § 47-2-201 (2001). Thus, under section 47-2-201(3)(b) of Tennessee Code Annotated, the oral contract is enforceable if the party admits the existence of the contract; however, the party attempting to enforce the oral contract must still prove its terms. *See* Tenn. Code Ann. § 47-2-201 cmt. 7 ("[T]he contract is not thus conclusively established. The admission so made by a party is itself evidential against him of the truth of the facts so admitted and of nothing more; as against the other party, it is not evidential at all."). *See also Cont'l Can Co. v. Poultry Processing, Inc.*, 649 F. Supp. 570, 575 (D. Me. 1986) (holding that under Maine's identical U.C.C. provision, a "[d]efendant's admission serves only to remove the bar of the statute of frauds; it does not establish the terms of the contract").

Walls argues that the contract is enforceable only up to the sales price to which he admits, relying on *Anthony v. Tidwell*, 560 S.W.2d 908 (Tenn. 1977). In *Anthony*, the court held that, under section 47-2-201(3)(c) Tennessee Code Annotated,[1] the plaintiff buyers were entitled to enforce an oral contract for the sale of goods, but only to the extent of the plaintiffs' partial payment for those goods. *Id.* at 910. However, *Anthony* is distinguishable in that there was no admission that a contract existed. In the instant case, Walls admits that an oral contract existed. Therefore, Off Road does not have to rely on its own performance as evidence of the oral contract under section 47-2-201(3)(c) of Tennessee Code Annotated.

Walls argues that the language in section 47-2-201 (3)(b) and (c) of Tennessee Code Annotated prohibits enforcement of the agreement beyond the sales price he admits. However, section 47-2-201(3)(b) and (c) state that the contract is not enforceable beyond the *quantity* of goods or with respect to goods for which payment was made. In this case, the quantity of goods is undisputed; the only dispute is the amount due in payment for the goods. Off Road does not contend that Walls agreed to purchase additional goods, only that the $10,000 payment was a partial payment, not full payment. Therefore this section is inapplicable as well.

---

[1] Section 47-2-201(3)(c) of Tennessee Code Annotated provides an exception from the statute of frauds "with respect to goods for which payment has been made and accepted or which have been received and accepted."

Because Walls admits to the existence of the contract, the trial court did not err in considering witness testimony and other relevant evidence, beyond simply the quantity of goods, to decide the terms of the contract.[2] ***See Cont'l Can Co.***, 649 F. Supp. at 575 (finding that "once the contract itself is admitted, parol evidence may be used to prove the terms of the contract"). ***But see Allen v. Harris Truck & Trailer Sales, Inc.***, 490 F. Supp. 488, 489-490 (E.D. Mo. 1980) (finding that, at most, plaintiff could "enforce the contract on the terms defendant contends were agreed to").

The decision of the trial court is affirmed. Cost of this appeal are taxed to the appellant, John Walls d/b/a John Walls Four Wheel Drive, and his surety, for which execution may issue if necessary.

 

_____

HOLLY KIRBY LILLARD, JUDGE

---

[2] It should be noted that the trial court here did not find that there was no agreement between the parties as to an essential term, i.e., price. Rather, the trial court asessed the credibility of the witnesses, apparently found Walls' testimony not credible, and found that the parties had in fact agreed on a sales price of $23,000.