■ LOUIS DREYFUS ENERGY CORP. et al., Respondents, v MG REFINING AND MARKETING, INC., et al., Appellants. [771 NYS2d 351]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered June 27, 2003, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion to strike defendants' counterclaim, and order, same court and Justice, entered July 31, 2003, which, after a nonjury trial, found that the parties had entered into valid and enforceable contracts, and that defendants were in breach thereof, unanimously affirmed, with one bill of costs.

The record reveals that the vice-presidents of plaintiff Louis Dreyfus Energy Corp. and defendant MG Refining and Marketing (MGRM) had concluded their negotiations on September 27, 1993, reaching agreement on the basic and essential terms of price, quantity, product and delivery, leaving only nonessential legal matters still to be negotiated (*TAJ Intl. Corp. v Bashian & Sons*, 251 AD2d 98, 101 [1998]). In light of the custom in the industry favoring such "flexible" oral agreements, the trial

court correctly found that the parties were bound by the terms of their "done deal," notwithstanding the absence of a formal written confirmation which, we note, was sent shortly thereafter (UCC 2-204; *see Kleinschmidt Div. of SCM Corp. v Futuronics Corp.*, 41 NY2d 972, 973 [1977]).

In light of the foregoing, defendants' contention that the court erred in striking MGRM's counterclaim for repudiation is academic. We have considered defendants' other claims and find them to be unavailing. Concur—Nardelli, J.P., Mazzarelli, Ellerin and Friedman, JJ.