■ UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent, v DELMAR DEVELOPMENT PARTNERS, LLC, Appellant. [788 NYS2d 252]—

Spain, J. Appeal from an order of the Supreme Court (Benza, J.), entered April 12, 2004 in Albany County, which denied defendant's motion for partial summary judgment on the issue of the enforceability of a purported amendment to a contract.

By the terms of a standardized construction contract executed in August 1999, Matzen Construction, Inc. agreed to build

an apartment complex in the Town of Bethlehem, Albany County for defendant. The sole issue on appeal is whether that contract was amended by a letter executed by the contracting parties in July 2001. Plaintiff, as Matzen's successor in interest, commenced this action seeking payment in accordance with the terms set forth in the July 2001 letter. By stipulation of the parties, the issue of whether that letter constituted an enforceable amendment to the contract was submitted to Supreme Court. Supreme Court denied defendant's motion for partial summary judgment, concluding that the original contract had been amended by the July 2001 letter. On defendant's appeal, we affirm.

The construction contract expressly provides that it may be amended by a writing executed by both parties, and there can be no dispute that the letter at issue meets those qualifications. We note as well that, under these circumstances, consideration need not be demonstrated to support the modification (*see* General Obligations Law § 5-1103). Thus, it only remains for us to ascertain whether the parties intended that the letter modify their contract (*see Greenfield v Philles Records,* 98 NY2d 562, 569 [2002]; *Matter of Bowes & Co. of N.Y. v American Druggists' Ins. Co.,* 61 NY2d 750, 751 [1984]).

After disputes arose between the parties involving change order issues, defendant sent Matzen correspondence proposing terms for amending the construction agreement. The first two of such proposals were letters which, in the first paragraph, clearly stated an offer to resolve the parties' disputes, "subject to a binding, written amendment to the parties' existing agreement." These proposals were not accepted and were followed by a proposed amendment drafted by Matzen, which defendant rejected. Finally, defendant drafted a third letter which contained prefatory language identical to that found in defendant's first two written efforts to settle their disputes, but which also included a place for Matzen to sign as "[a]greed and accepted." This third letter was signed by Matzen and returned, becoming the purported agreement at issue here. Thereafter, the parties proceeded to perform their obligations under the construction agreement without further dispute over the change orders or discussion of any further writing to memorialize the terms of the letter. Matzen then began a voluntary liquidation and plaintiff informed defendant that it had undertaken Matzen's rights and obligations under the construction agreement and sought payment pursuant to the provisions of the letter. Defendant then asserted that the letter had no binding effect, resulting in this litigation.

In our view, ample evidence exists that the letter—despite the language anticipating a further writing—was intended by the parties to be a binding modification to their construction agreement. The letter expressly and unambiguously sets forth terms of a proposed resolution which are "definite and certain" and, by including the invitation to agree and accept, demonstrates the requisite "willingness to enter into a bargain" of an offer (*Concilla v May*, 214 AD2d 848, 849 [1995]). Although the language contemplating a more formal agreement found in the first two letters remained in the third letter, the addition of the "agreed and accepted" language at the end—not present in the first two letters—created an ambiguity with respect to whether it was intended to be binding. In resolving this ambiguity, we look to extrinsic evidence relevant to the parties' intent (*see Greenfield v Philles Records, supra* at 569; *Guntert v Daniels*, 240 AD2d 789, 790 [1997]), and recognize that "the subsequent conduct of the parties [may] be used to indicate their intent" (*Estate of Hatch v NYCO Mins.*, 245 AD2d 746, 749 [1997]). After the letter was executed by Matzen, the parties acted as if their disputes had been resolved, supporting plaintiff's position that the terms of the letter were intended to be binding. Indeed, even if the parties intended to execute a more formal agreement to flesh out some additional, nonmaterial terms, "the fact that the parties intended to negotiate a more detailed arrangement does not negate [the letter's] legal effect" (*Keis Distribs. v Northern Distrib. Co.*, 226 AD2d 967, 969 [1996]; *see Conopco, Inc. v Wathne Ltd.*, 190 AD2d 587, 588 [1993]).

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs. [*See* 5 Misc 3d 1007(A), 2004 NY Slip Op 51258(U).]