■ BEATIE AND OSBORN LLP, Appellant, v THE BANK OF NEW YORK, Respondent. [788 NYS2d 392]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered February 5, 2003, which, in an action against a bank for breach of a revolving line of credit agreement, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

It appears that the subject revolving line of credit agreement had a $50,000 limit and provided for automatic renewal after one year unless defendant gave plaintiff a 30-day written notice of termination; that after one year, defendant refused to renew the credit agreement because of plaintiff's poor payment performance and its principals' poor credit reports; that plaintiff then told defendant that the termination of the credit agreement without a 30-day written notice was a breach thereof; and that defendant then extended to plaintiff a four-month fixed loan of $35,000 that included a new personal guarantee from the spouse of one of plaintiff's principals. Defendant claims that the fixed loan agreement was a novation that extinguished any obligations the parties may have owed each other under the line of credit agreement; plaintiff claims that it did not intend the loan agreement to extinguish the credit agreement, and that the loan agreement could not in any event have had that effect since it was executed after the credit agreement had already been terminated by defendant.

Based on defendant's contemporaneous correspondence to plaintiff, we find that the loan was a novation. The correspondence is to the effect that plaintiff had advised defendant that it was unable to make payroll because of the unexpected cutoff of credit; that plaintiff was threatening a lawsuit but offering to compromise the matter on the basis of a smaller $35,000 line of credit better collateralized and guaranteed than the first; and that defendant, as an "accommodation" to plaintiff, was offering a $35,000 short-term fixed loan intended to give plaintiff an opportunity "to obtain alternate financing." It is also pertinent that defendant's letter covering the transmittal of the loan documents stated that such documents were meant "to replace" the credit agreement, and that the amount outstanding under the credit agreement, while small, was satisfied from the loan proceeds, indicating that defendant's termination of the credit agreement applied only to the extension of further credit and not to plaintiff's payment obligation.

We are persuaded that the only reason defendant offered

plaintiff a short-term fixed loan was its failure to give plaintiff the required written 30-day notice before terminating the credit agreement, and plaintiff's threat of a lawsuit based on that failure. Plaintiff's assertion that it did not accept the loan in satisfaction of its claim that defendant breached the credit agreement is conclusory and fails to address the contemporaneous correspondence and other circumstances strongly indicating a contrary intent (*see Callanan Indus. v Micheli Contr. Corp.*, 124 AD2d 960, 961-962 [1986]). Concur—Mazzarelli, J.P., Saxe, Friedman, Sullivan and Williams, JJ.