■ Jose Caride et al., Respondents, v Alejandro Alonso et al., Appellants. (And a Third-Party Action.) [913 NYS2d 11]—

Judgment, Supreme Court, Bronx County (Geoffrey D. Wright, J.), entered April 7, 2010, in favor of petitioner Caride in the amount of $325,645, unanimously affirmed, without costs. Order, same court and Justice, entered June 10, 2010, which granted petitioner Caride's motion for a judgment directing him, as the secretary-treasurer of J & A Auto Parts Corp., to turn over to himself respondent Alonso's share of stock in the business, in satisfaction, in full or in part, of the judgment, unanimously affirmed, without costs. Appeals from order, same court and Justice, entered March 18, 2010, which, inter alia, granted the part of Caride's petition that sought specific performance of the sale of his share of stock in J & A Auto Parts Corp., and order, same court and Justice, entered May 7, 2010, which, inter alia, granted respondent's motion for renewal and reargument and adhered to the original determination, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The parties' correspondence created a binding contract. Alonso's letter dated February 5, 2009 constituted a firm offer to buy Caride's shares in J & A for $325,000, albeit he indicated he would consider other options. Indeed, the letter "expressly and unambiguously sets forth terms of a proposed resolution which are 'definite and certain' and . . . demonstrates the requisite 'willingness to enter into a bargain' " and thus constitutes an offer (*United States Fid. & Guar. Co. v Delmar Dev. Partners, LLC*, 14 AD3d 836, 838 [2005], quoting *Concilla v May*, 214 AD2d 848, 849 [1995], *lv denied* 86 NY2d 705 [1995]). Caride's letter dated February 6, 2009 constituted a clear, unequivocal and unambiguous acceptance of Alonso's offer. The fact that Caride stated that "[my] offer, notwithstanding [my] acceptance of [your] offer, is still as outlined in [my] letter of February 2, 2009," does not render his acceptance of Alonso's offer ambiguous or unclear. Indeed, Caride was merely restating the terms of his offer. Moreover, even if Caride's letter dated February 6, 2009 "is construed as containing terms additional to or different from those contained in [Alonso's] offer, [pursuant to UCC 2-207,] an enforceable contract results, with the additional terms deemed proposals for addition to the contract" (*Matter of McManus*, 83 AD2d 553, 555 [1981], *affd* 55 NY2d 855 [1982]).

Contrary to Alonso's contention, there are no issues of fact whether the parties' letters constitute an offer and acceptance.

There is nothing outside the letters to "meet or controvert the issues of law and fact tendered"; therefore, "the question [of the parties' intent] is one of law, appropriately decided by an appellate court, or on a motion for summary judgment" (*Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 291, 292 [1973] [citation omitted]).

The court properly ordered specific performance of the contract, although Caride did not request that relief in his order to show cause. Specific performance of the contract relating to the dissolution of the parties' corporation is not dramatically unlike the dissolution of the parties' corporation and, in the interim, appointment of a receiver that Caride sought in the order to show cause. In addition, Caride requested specific performance of the contract in his verified petition and indicated that the basis upon which he was seeking that relief was the "buy-sell agreement" the parties entered into pursuant to Caride's letter dated February 6, 2009. Moreover, Alonso had an opportunity to address Caride's request and did so. Thus, Alonso was not prejudiced by Caride's failure to request specific performance of the contract in the order to show cause (*see Lubov v Berman*, 260 AD2d 236 [1999]; *HCE Assoc. v 3000 Watermill Lane Realty Corp.*, 173 AD2d 774 [1991]).

The court had authority to grant Caride's motion, made on notice to Alonso, to transfer all of Alonso's shares to Caride without compensation in order to satisfy the outstanding money judgment against Alonso (*see* CPLR 5201 [b], [c] [1]; 5225 [a]). Concur—Tom, J.P., Saxe, Moskowitz, DeGrasse and Abdus-Salaam, JJ.