Casella v Casella

2026 NY Slip Op 03226

May 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Marco Casella, Plaintiff-Respondent,

v

Gina Casella, Defendant-Appellant.

Decided and Entered: May 21, 2026

Index No. 365119/20|Appeal No. 6687|Case No. 2024-06897|

Before: Kennedy, J.P., Scarpulla, Mendez, Rodriguez, Rosado, JJ.

Law Offices of Deana Balahtsis, New York (Deana Balahtsis of counsel), for appellant.

Bryant & Bleier, LLP, New York (Anne Peyton Bryant of counsel), for respondent.

Marion C. Perry, New York, attorney for the children.

[*1]

Order, Supreme Court, New York County (Jeffrey H. Pearlman, J.), entered on November 18, 2024, which, to the extent appealed from as limited by the briefs, directed that $100,000 held in a marital escrow account be used to pay plaintiff husband's legal fees, and authorized payment in full of the trial retainer for the attorney for the children from the same escrow account, with the husband responsible for 66.7% of the cost and defendant wife responsible for 33.3%, subject to reallocation after trial, unanimously reversed, on the law, and in the exercise of discretion, without costs, and the legal fee awards vacated.

A notice of motion must specify the relief demanded and the grounds therefor (CPLR 2214 [a]). An exception to this rule applies where "relief that is warranted by the facts plainly appear[s] on the papers on both sides, if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party" (Frankel v Stavsky, 40 AD3d 918, 918-919 [2d Dept 2007], see also Caride v Alonso, 78 AD3d 466, 468 [1st Dept 2010], lv dismissed in part & denied in part 16 NY3d 806 [2011]). Here, the motion court improvidently exercised its discretion in directing that escrow funds be released to pay the husband's counsel and the attorney for the children because the relief granted was "dramatically unlike" the relief sought, the husband's counsel's application to be relieved (Frankel, 40 AD3d at 918-919). Indeed, the court acknowledged on the record that the relief it was considering differed significantly from the relief requested in the motion.

In any event, to the extent the husband's motion could be interpreted as requesting legal fees, it should have been denied for failing to comply with both Domestic Relations Law § 237(a) and 22 NYCRR 202.16(k)(2), as it was not supported by a copy of the retainer agreement, a statement of net worth, or current billings statements (see Gass v Gass, 91 AD3d 557, 558 [1st Dept 2012]). An award of counsel fees pursuant to Domestic Relations Law § 237(a) requires the court to consider the financial circumstances of the parties and the relative merits of their positions. In the absence of a proper application supported by competent evidence, the court lacked an adequate record upon which to make such determinations.

[*2]

The husband's contention that the order should be affirmed because the wife already transferred $50,000 from escrow to pay her counsel is unavailing. The wife sought a stay only of the portions of the order directing payment to the husband's counsel and the attorney for the children, not her own counsel. Moreover, the husband did not appeal from the portion of the order awarding fees to the wife, and his arguments regarding that award are not properly before this Court. Nor does the wife's compliance with a portion of the order constitute a waiver of her right to challenge other, distinct provisions on appeal. In any event, the wife has already withdrawn $50,000 from escrow to pay her counsel and, that amount remains subject to reallocation after trial.

We have considered the husband's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 21, 2026