■ In the Matter of the Arbitration between PLY*GEM OF LAUREL, INC., et al., Appellants, and JOHN M. LEE et al., Respondents. In the Matter of the Arbitration between PLY*GEM OF LAUREL, INC., et al., Appellants, and DAVID H. SHUTT et al., Respondents. — Order, Supreme Court, New York County (B. Cohen, J.), entered on February 22, 1982, and order, Supreme Court, New York County (Kirschenbaum, J.), entered on May 13, 1982, which denied petitioners-appellants' (Ply*Gem) petitions to stay arbitration and dismissed each petition, modified, on the law and the facts, to the extent of staying arbitration as to those claims alleging fraud in the inducement of the contracts and other contractual violations which were barred by the Statute of Limitations before the first stay issued in the Federal litigation on February 18, 1977, to wit: John M. Lee, John M. Lee, Inc., David H. Shutt, D. H. Shutt, Inc., John J. Dunn, Interior Building Materials, Inc., Robert Lewis, Lorene Sligh, Harbinger's and Ply*Gem Paneling Centers; and otherwise affirmed, without costs. These matters arise out of franchise agreements executed between August, 1969 and May, 1973 which contained arbitration clauses providing for arbitration in New York City. The fraud alleged by respondent franchisees consists of misrepresentations made prior to the execution of the agreement to induce respondents to enter into said agreement, and their continued reliance on those alleged misrepresentations. Respondents and other franchisees met with representatives of appellants on April 8, 1974 and claimed violations of the agreements. A so-called "modification agreement" resulted on or about June 11, 1974. Respondents thereafter commenced an action in the United States District Court for the District of Columbia. The first stay of arbitration resulting from that litigation was by order of the United States Court of Appeals for the District of Columbia, dated February 18, 1977. A cause of action for fraud in the inducement of a contract (and therefore the commencement of the running of the Statute of Limitations) accrues at the time of the execution of the contract (CPLR 203, subd [a]). The period of limitation is six years from the accrual of the cause of action (CPLR 213, subds 2, 8) or two years from the discovery of the fraud, whichever is longer (CPLR 203, subd [f]; *Quadrozzi Concrete Corp. v Mastroianni,* 56 AD2d 353; see 1 Weinstein-Korn-Miller, NY Civ Prac, par 213.25). The period between the execution of the franchise agreements referred to above, and the Federal stay of February 18, 1977, is in excess of six years. Such period is also in excess of two years from discovery of the alleged fraud, as evidenced by the statements made at the meeting of April 18, 1974, or possibly, June 11, 1974, the date of the modification agreement, found by Special Term as the commencement of the running of the period most favorable to respondents. Settle order. Concur — Sandler, J. P., Carro, Asch, Markewich and Silverman, JJ.