■ Bowes & Company, Inc. of New York, Appellant, v American Druggists' Insurance Company, Respondent. — Judgment, Supreme Court, New York County (George Bundy Smith, J.), entered August 13, 1982, which denied petitioner's application to stay arbitration, is unanimously modified, on the law, to grant the application only to the extent of staying arbitration as to the issue of rescission, and otherwise affirmed, without costs. Both petitioner and respondent are insurance carriers. On June 18, 1974 respondent authorized petitioner, effective April 1, 1974, to underwrite marine insurance and reinsurance risks on respondent's behalf. Petitioner's authority was expressed in writing in an information sheet, which was signed by respondent and dated June 18, 1974. This information sheet consists of a binder and a slip. Almost two years later, the parties formalized their relationship in a written contract,

which respondent executed on February 22, 1976. This contract contains a broad arbitration clause. In August, 1981 respondent served petitioner with a demand for arbitration and sought rescission of the agreement. Petitioner responded in September, 1981 with a petition to stay arbitration, arguing the rescission claim is untimely. Thereafter, in October, 1981, respondent served a supplemental and amended demand, which besides reiterating the rescission claim, made further claims involving breach of contract, breach of fiduciary duty and fraud. Special Term held that respondent's claims, including rescission, were subject to arbitration. We disagree. Based upon our review of the record, we conclude that the effective date of the contract is 1974, when the parties agreed on the essential terms, which were set forth in the information sheet that was signed by respondent, rather than 1976, when the formal contract was executed (*Municipal Consultants & Publishers v Town of Ramapo*, 47 NY2d 144, 148-149). There is a six-year Statute of Limitations for a rescission cause of action (CPLR 213, subd 1). Thus, the rescission claim is time barred and, therefore, not arbitrable, since it was not brought until 1981, more than six years after the effective date of the contract. However, there is no such bar to the other claims which arose subsequent to 1976. Concur — Sullivan, J. P., Ross, Carro, Asch and Kassal, JJ.