■ GAIL K. ROGAL, Appellant, v JEROME WECHSLER, Respondent.—Order of the Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about July 16, 1986, granting the motion by defendant for an order dismissing the complaint, is unanimously reversed, on the law, the motion to dismiss denied and the complaint reinstated, without costs or disbursements.

Plaintiff basically alleges in her complaint that defendant was the attorney and accountant for her mother's estate; that he fraudulently misrepresented the assets of this estate to plaintiff and, in reliance upon those misrepresentations, she consented to a surrender of her rights with respect to the estate.

The Supreme Court dismissed the complaint, finding that the Statute of Limitations barred any action for accounting malpractice, negligence or fraud since the applicable period had run for each "since March 1980". The court also found that the allegations of the complaint were not sufficiently particular as to the alleged undervaluations of estate assets and other requisites of a fraud action. Further, the court found that defendant was neither a party to the settlement agreement plaintiff had entered nor had defendant acted as her attorney or accountant. Hence, there was no fiduciary duty on his part toward her.

We find that the Supreme Court erred in concluding that any action for fraud was time barred and that plaintiff did not state a cause of action for fraud.

Upon a motion to dismiss a complaint, the allegations of that complaint are deemed true *(Morone v Morone,* 50 NY2d 481). "In this procedural posture, the allegations of a complaint, supplemented by a plaintiff's additional submissions, if any, must be given their most favorable intendment" *(Arrington v New York Times Co.,* 55 NY2d 433, 442).

Plaintiff has alleged that defendant, as an attorney and accountant, conveyed certain financial information to her concerning her mother's estate. Upon her request for assurances, defendant submitted a handwritten balance sheet purporting to show that the estate totaled some $59,900. This amount was divided into specific assets which defendant allegedly warranted to be the actual value. Plaintiff alleges that defendant knew this was an understated value and that the estate actually contained additional assets. Further, plaintiff alleges that defendant knew of defalcations in the assets but that defendant, nevertheless, requested plaintiff to waive her right to obtain letters of administration, or to object to the appointment of her father as administrator, in exchange for $25,000 and a cooperative apartment of unstated value.

Although plaintiff's allegations concerning the false valuation, and what transpired between her father and defendant, may be sparse in detail, sufficient facts have been alleged to comply with the requirements of CPLR 3016 (b).

Further, in this cause of action, grounded in a fraudulent inducement for plaintiff to enter a settlement agreement, the applicable periods of limitation are six years from the commission and two years from the discovery of the fraud (CPLR 203 [f]; 213 [8]). The cause of action for fraud accrues and the Statute of Limitations commences to run at the time of the execution of the contract *(Matter of Ply\*Gem of Laurel v Lee, 91 AD2d 513)*. The court at nisi prius, therefore, erroneously fixed the accrual of the cause of action as of March 1980, when certain misrepresentations allegedly were made. The fraud cause of action accrued at the time of the agreement, or May 1, 1980. This action was commenced April 2, 1986, within the six-year period of limitations. Further, plaintiff alleges she discovered the fraud only after her father's death. Since this occurred August 21, 1984, her action was also commenced within two years of discovery assuming, as we must, the truth of her assertions. *(See,* 135 AD2d 385, decided simultaneously herewith.)* Concur—Ross, J. P., Carro, Asch, Kassal and Smith, JJ.