■ THOMAS GARGUILIO, Respondent, v JUNE GARGUILIO, Appellant. [608 NYS2d 238] —In an action for a divorce and ancillary relief, the defendant wife appeals from an order of the Supreme Court, Suffolk County (Dunn, J.), dated December 10, 1991, which granted the plaintiff husband's motion to dismiss, as time barred, her cause of action for a declaration that a separation agreement executed by the parties in 1967 is invalid.

Ordered that the order is affirmed, without costs or disbursements.

The parties executed a separation agreement in 1967. In 1983, the husband commenced an action for a conversion divorce, on the ground that the parties had lived separate and apart for over one year pursuant to the terms of the agreement. The wife interposed two affirmative defenses and five counterclaims and moved to dismiss the husband's complaint due to the failure of the separation agreement to contain the required acknowledgement. That motion was denied by the Supreme Court, but this Court reversed, granted the motion, and dismissed the husband's complaint *(see, Garguilio v Garguilio,* 122 AD2d 105; *see also, Garguilio v Garguilio,* 168 AD2d 666). In her amended pleading, the wife included a sixth counterclaim which restated the contention contained in her original answer as an affirmative defense, that the agreement was obtained by fraud, coercion, and duress, and was therefore invalid. The wife now seeks a declaration that the agreement is invalid based upon the husband's fraudulent inducement. The court granted the husband's motion to dismiss this cause of action, finding that it was barred by the applicable Statute of Limitations (CPLR 3211 [a] [5]; 213 [8]), since the wife must have been aware of the alleged fraud or coercion which would have occurred in 1967, many years before she raised that contention for the first time in 1983.

The court's determination was proper. Pursuant to CPLR 213 (8), a cause of action based upon actual fraud must generally be commenced within six years of the commission of the fraud. This provision must be read in conjunction with CPLR 203 (g), which provides that an action may be commenced within two years after the plaintiff discovered the fraud or could have, with due diligence, discovered it, even

though more than six years has elapsed from the commission of the wrong *(see, Piedra v Vanover,* 174 AD2d 191, 194; *Quadrozzi Concrete Corp. v Mastroianni,* 56 AD2d 353; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C213:8, at 450-451; *cf., Riley v Riley,* 179 AD2d 750; *Curry v Chollette,* 57 AD2d 604). There is no question that the wife had ample opportunity years before 1983 to discover the husband's alleged fraud in inducing her to execute an "inequitable" agreement in 1967.

The wife's further claim that the husband waived the Statute of Limitations defense by not asserting it in his reply papers in 1983 is also without merit *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3011:9, C3011:10, at 630-631; C3018:9, at 152-153). Bracken, J. P., Miller, O'Brien and Altman, JJ., concur.