■ MARION HOFFMAN, Appellant, v ANTHONY F. CANNONE, Respondent. [614 NYS2d 799] —White, J. Appeal from an order of the Supreme Court (Canfield, J.), entered June 11, 1993 in Rensselaer County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

On March 6, 1985, the parties entered into a separation agreement that was subsequently incorporated, but not merged, in their decree of divorce entered on May 9, 1985. The separation agreement provided, *inter alia,* that plaintiff relinquished her claims to "all savings accounts, certificates of deposit, bonds, stock, mutual funds, individual retirement accounts, pensions" and that defendant was not obligated to pay her maintenance. The agreement further provided that defendant would have custody of the parties' minor child and be responsible for the payment of the mortgage and the carrying charges on the marital residence until it was sold. Apparently after the dissolution of her second marriage, plaintiff in August 1992 commenced this action to set aside the agreement on the grounds that defendant engaged in overreaching and fraud, that the agreement was not supported by consideration and that it was against public policy. Following the service of his answer, defendant moved, *inter alia,* for leave to amend his answer to assert the affirmative defense of the Statute of Limitations and for summary judgment. Supreme Court granted both motions, giving rise to this appeal.*

Supreme Court properly dismissed plaintiff's second and third causes of action since a cause of action for rescission of a contract is governed by the six-year Statute of Limitations *(see, Bowes & Co. v American Druggists' Ins. Co.,* 96 AD2d 1023, *affd* 61 NY2d 750; *see also,* CPLR 213 [1]). Where, as in plaintiff's first cause of action, rescission is sought on the

---

* We deem plaintiff's appeal of that part of Supreme Court's order which granted defendant leave to amend his answer abandoned since her brief does not address this issue.

ground of actual fraud, the Statute of Limitations is six years from the commission of the fraud or two years from when the plaintiff discovered or should have discovered the fraud, whichever is later (see, *Dybowski v Dybowska,* 146 AD2d 604; *Abbate v Abbate,* 82 AD2d 368; CPLR 203 [g]; see also, CPLR 213 [8]; cf., *Riley v Riley,* 179 AD2d 750). Generally, the question of when the plaintiff discovered, or should have discovered, the alleged fraud is a mixed question of law and fact which should not be resolved summarily unless it conclusively appears that the plaintiff had knowledge of facts which should have caused him or her to inquire and discover the alleged fraud (see, *Rattner v York,* 174 AD2d 718; *Del Vecchio v Nassau County,* 118 AD2d 615).

Plaintiff's cause of action is predicated upon the alleged representation by defendant's attorney to plaintiff that, since she was seeking the divorce, she was not entitled to receive any form of distribution, maintenance or custody. She maintains that she did not learn that this representation was false until 1991 when she consulted with an attorney. Given the fact that the alleged representation by defendant's attorney was directly contravened by the separation agreement which provided that plaintiff was to receive one half of the proceeds of the sale of the marital residence, and as plaintiff acknowledged in the agreement that she was aware of and understood the provisions of the Equitable Distribution Law, we find that plaintiff possessed sufficient information to prompt an inquiry that would have led to the discovery of the alleged fraud within six years of its commission. Thus, Supreme Court also properly dismissed this cause of action (see, *Garguilio v Garguilio,* 201 AD2d 617; *Pommer v Trustco Bank,* 183 AD2d 976, *lv dismissed in part, lv denied in part* 81 NY2d 758).

Mercure, J. P., Casey, Weiss and Peters, JJ., concur. Ordered that the order is affirmed, without costs.