■ STANLEY FIXLER, Appellant, v MARILYN FIXLER, Also Known as MARILYN MALSIN, Respondent. [736 NYS2d 111] —In an action for a divorce and ancillary relief, the plaintiff appeals (1), as limited by his brief, from stated portions of an order of the Supreme Court, Nassau County (Marano, J.), dated January 31, 2000, which, inter alia, denied his motion for pendente lite relief and granted those branches of the defendant's cross motion which were to dismiss the complaint on the grounds of failure to state a cause of action and the statute of limitations, and (2) from an order of the same court, dated July 20, 2000, which denied his motion for leave to reargue.

Ordered that the appeal from the order dated July 20, 2000, is dismissed, as no appeal lies from an order denying a motion for leave to reargue; and it is further,

Ordered that the order dated January 31, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The Supreme Court properly dismissed the complaint based on the applicable statute of limitations. The statute of limitations expired on the plaintiff's breach of contract claim in 1993, six years after the defendant allegedly failed to obtain the required insurance policy. The plaintiff's fraud claim is also time-barred. He could reasonably have discovered the defendant's true financial condition by reviewing their 1987 joint tax returns. Similarly, he could have reasonably discovered the defendant's alleged failure to provide the required insurance policy by requesting proof of such a policy shortly after the defendant allegedly was supposed to have provided the policy (*see,* CPLR 213 [8]; 203 [g]; *see also, Rosenbaum v Rosenbaum,* 271 AD2d 427; *Prestandrea v Stein,* 262 AD2d 621; *Hoffman v Cannone,* 206 AD2d 740; *Garguilio v Garguilio,* 201 AD2d 617). Additionally, the plaintiff's claims are negated by his ratification of the separation agreement for over 12 years (*see, Beutel v Beutel,* 55 NY2d 957; *Hirsch v Hirsch,* 134 AD2d 485; *see also, Star v Star,* 260 AD2d 363; *Genovese v Genovese,* 243 AD2d 679; *Shalmoni v Shalmoni,* 141 AD2d 628).

Since the plaintiff has a net income of $1,550 per month, he is in no danger of becoming a public charge (*see generally, Sass v Sass,* 276 AD2d 42; *Tartaglia v Tartaglia,* 260 AD2d 628; *Lasky v Lasky,* 163 Misc 2d 859, *affd* 216 AD2d 366; *cf.,* General Obligations Law § 5-311). Therefore, his claim for pendente lite relief is barred by the existence of the facially-valid separation agreement (*see, Rubin v Rubin,* 262 AD2d 390; *Klein v Klein,* 246 AD2d 195; *Demis v Demis,* 155 AD2d 790; *Breen v Breen,* 114 AD2d 920; *Thompson v Thompson,* 91 AD2d 683).

The plaintiff's remaining contentions are without merit. Feuerstein, J.P., Krausman, Friedmann and Schmidt, JJ., concur.