■ MARIETTA S. GOLDRING, Appellant, v GEORGE E. GOLDRING, Respondent. [737 NYS2d 36] —Order, Supreme Court, New York County (Joan Lobis, J.), entered November 13, 2000, which, inter alia, granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

The action, which was commenced in June 2000 and seeks to set aside a 1987 separation agreement on the ground of fraud, is barred by the six-year statute of limitations (CPLR 213 [8]), and is not saved by the two-year discovery rule (CPLR 203 [g]). In the latter regard, plaintiff asserts that she discovered the alleged fraud when defendant filed for bankruptcy in 1996. Assuming in plaintiff's favor that she was automatically stayed from commencing this action during the pendency of defendant's bankruptcy proceeding, such stay expired when defendant's debts were discharged in April 1998 (11 USC § 362 [c] [2]), more than two years before commencement of the action. We would add, as did the IAS court, that the allegations of fraud in any event lack the detail required by CPLR 3016 (b). Nor can the separation agreement be set aside under General Obligations Law § 5-311. The separation agreement was clearly not a contract to dissolve the marriage, and it does not appear why at the time of its execution the parties should have discerned a risk of plaintiff one day becoming a public charge. We have considered plaintiff's other arguments and find them unavailing. Concur—Williams, J.P., Mazzarelli, Rosenberger, Wallach and Lerner, JJ.