■ DOUGLAS PERCOCO, Appellant, v JANICE LESNAK, Respondent. [806 NYS2d 674]—

In an action to rescind a separation agreement and, in effect, to vacate so much of a judgment of divorce entered October 5, 1989, as incorporated the terms of the separation agreement, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), dated October 4, 2004, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint based on the applicable statute of limitations (*see* CPLR 213 [8]; 203 [g]). Where, as here, "rescission is sought on the ground of actual fraud, the Statute of Limitations is six years from the commission of the fraud or two years from when the plaintiff discovered or should have discovered the fraud, whichever is later" (*Hoffman v Cannone*, 206 AD2d 740, 740-741 [1994]; *see Fixler v Fixler*, 290 AD2d 482 [2002]; *Rosenbaum v Rosenbaum*, 271 AD2d 427 [2000]; *Garguilio v Garguilio*, 201 AD2d 617 [1994]). The burden of establishing that the fraud could not have been

discovered during the two-year period before the commence-ment of the action rests on the plaintiff, who seeks the benefit of the discovery exception to the six-year statute of limitations (*see Siler v Lutheran Social Servs. of Metro. N.Y.*, 10 AD3d 646 [2004]).

It is undisputed that the plaintiff commenced the action more than six years after execution of the separation agreement dated September 19, 1989. The plaintiff alleges that in executing the separation agreement, the defendant fraudulently concealed the fact that her right to a union pension had not vested. Moreover, on February 20, 2001, more than two years before the com-mencement of the action, the plaintiff specifically averred in a related proceeding, inter alia, that the defendant affirmatively "concealed" that information from him. Finally, by thereafter continuing to acquiesce in the benefits of the agreement for almost three years, the plaintiff ratified its terms (*see Fixler v Fixler, supra* at 482; cf. *Kerr v Kerr*, 8 AD3d 626, 627 [2004]). Schmidt, J.P., Adams, Luciano and Covello, JJ., concur.