■ Julie Colyer, Respondent-Appellant, v John Colyer, Appellant-Respondent. [810 NYS2d 155]—

Order, Supreme Court, New York County (Laura E. Drager, J.), entered September 13, 2004, which, inter alia, granted plaintiff's motion for a money judgment for child support arrears in the amount of $43,018.05, plus $6,300 in attorneys' fees, and denied defendant's cross motion seeking rescission of the parties' separation agreement as unfair and inequitable, unanimously modified, on the facts, the judgment for arrears reduced to $37,818.05, and otherwise affirmed, without costs.

The court rendered a decision and order with respect to defendant's motion to set aside the separation agreement as unconscionable. While we agree with the court that an action for rescission is barred by defendant's ratification of the agreement (*see Groper v Groper*, 132 AD2d 492 [1987]), we also note that the statute of limitations for such a claim has already elapsed (*see Bowes & Co. of N.Y. v American Druggists' Ins. Co.*, 96 AD2d 1023 [1983], *affd* 61 NY2d 750 [1984]). Defendant abided by the terms of this separation agreement for almost 10 years before seeking to rescind his child support obligation. Despite the agreement's appearance as one-sided and defendant's declaration that his attorney advised him it was unfair, defendant does not point to any inequitable conduct relating to the document's execution (*cf. Christian v Christian*, 42 NY2d 63 [1977]; *Wisniewski v Cairo*, 305 AD2d 788 [2003]). In fact, defendant concedes that he simply ignored his attorney's advice because he "wanted out."

The award was properly made for arrears accrued until the time of defendant's latest motion for a downward modification of his child support obligation (Domestic Relations Law § 236 [B] [9] [b]). But in doing so, the court overlooked its temporary modification of the support obligation from $1,800 to $500 per month for a four-month period when the child was residing with defendant. We thus modify the judgment accordingly.

We have considered the parties' remaining contentions for affirmative relief and find them without merit. Concur—Tom, J.P., Mazzarelli, Sullivan, Sweeny and Malone, JJ.