Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 23, 2007, which granted defendant’s motion for summary judgment dismissing the complaint and for attorneys’ fees and denied plaintiffs cross motion to amend his pleadings, to void the stipulation of settlement, and for attorneys’ fees, unanimously modified, on the law, to deny that portion of defendant’s motion that sought attorneys’ fees, and otherwise affirmed, with costs in favor of defendant.
*378 Even assuming defendant failed to cooperate with plaintiff in executing the documents necessary for plaintiff to obtain a get (a Jewish religious bill of divorce), the record demonstrates that plaintiff ratified the parties’ settlement stipulation after defendant’s alleged anticipatory breach by choosing to continue behaving as though it were still in operation (see Fixler v Fixler, 290 AD2d 482 [2002]). He cannot now be heard to say that after the alleged anticipatory breach he “considered] the contract at an end” (see Rachmani Corp. v 9 E. 96th St. Apt. Corp., 211 AD2d 262, 266 [1995] [internal quotation marks and citations omitted]).
There is no basis in the settlement stipulation for an award of attorneys’ fees to either party. Article XVII (b) of the agreement provides, “Nothing herein contained shall be deemed or construed as a waiver or denial of either party’s right to secure payment of counsel fees, for any breach by the other party of the terms of this Stipulation. In the event of such breach, the party found to be in breach shall be responsible for any and all legal fees and costs arising from same.” Here there was no breach of the stipulation.
We have considered plaintiffs remaining contentions and find them unavailing. Concur—Lippman, EJ., Gonzalez, Moskowitz, Acosta and Renwick, JJ.