■ HELAYNE HABIB, Respondent, v GERALD HABIB, Appellant.
[909 NYS2d 793]—

Cardona, P.J. Appeals (1) from a judgment of the Supreme Court (Work, J.), entered September 18, 2009 in Ulster County, upon a decision of the court in favor of plaintiff, and (2) from a judgment of said court, entered December 17, 2009 in Ulster County, which granted plaintiff's motion for a supplemental counsel fee award.

Plaintiff and defendant were married in 1987 and have two children (born in 1987 and 1991). In 2005, the parties entered into a separation agreement. Thereafter, plaintiff commenced this action in 2008 to enforce certain provisions of the separation agreement, alleging that defendant failed to make the required maintenance and child support payments, failed to pay his share of the children's unreimbursed healthcare expenses, refused to cooperate in the sale of the marital home and did not execute and maintain a will or purchase an annuity in accordance with the agreement. Plaintiff, among other things, sought a money judgment and counsel fees. Defendant answered and counterclaimed seeking a downward modification of his child support and maintenance obligations, as well as a judgment of divorce.

Following a trial, Supreme Court found, among other things, that defendant was in arrears with respect to his maintenance obligation but that he was entitled to a downward modification of his support obligations retroactive to March 31, 2008, the date that defendant filed his answer and counterclaim. The court issued a judgment for $18,100 in maintenance arrears for the period prior to the modification date. The court also denied defendant's application for a judgment of divorce given his breach of various provisions of the separation agreement and awarded plaintiff counsel fees for legal services incurred to enforce the agreement. Thereafter, a separate judgment to that effect was entered. These appeals ensued.

Initially, inasmuch as the terms of the separation agreement did not address the issue of retroactivity with regard to a modification of support and/or maintenance obligations,* we find no error in Supreme Court's determination that the effective date of the downward modification was March 31, 2008— the date that defendant filed his answer and interposed a

---

* With respect to modifications of child support and maintenance, the separation agreement stated that "[n]o such modification shall be deemed to be in effect, regardless of grounds, except by court order or written agreement signed by both parties."

counterclaim seeking such modification (*see* Domestic Relations Law § 236 [B] [9] [b]; *Colyer v Colyer*, 26 AD3d 303, 304 [2006]). Contrary to defendant's contention, neither the 2007 modification petition he filed in Family Court (which was dismissed for lack of subject matter jurisdiction) nor his 2007 divorce action seeking a downward modification (which summons and complaint was never served on plaintiff) provide good cause warranting adjustment of the arrears date (*see e.g. Hawley v Hawley*, 247 AD2d 806, 808 [1998]; *Lloyd v Lloyd*, 226 AD2d 816, 818 [1996]).

Furthermore, Supreme Court properly denied defendant's request for a divorce. A party is entitled to a conversion divorce when the parties have lived separate and apart for more than one year pursuant to a separation agreement and the party seeking the divorce has substantially complied with the terms of the agreement (*see* Domestic Relations Law § 170 [6]; *Berman v Berman*, 72 AD2d 425, 428-429 [1980], *affd* 52 NY2d 723 [1980]). Here, notwithstanding defendant's proffered reasons for maintenance arrears, the record demonstrates that he did not comply with other provisions of the agreement, including payment of his share of unreimbursed medical expenses, execution of a will with specific bequests and purchase of an annuity.

Finally, we are unpersuaded by defendant's contention that Supreme Court abused its discretion in granting plaintiff counsel fees. The separation agreement expressly provides for the recovery of "any and all costs, expenses and attorney fees resulting from or made necessary by the bringing of any suit or other proceeding to enforce any of the terms or conditions of [the] agreement." Inasmuch as the record clearly establishes that defendant defaulted on various provisions contained in the separation agreement, the award of counsel fees was appropriate (*see Matter of Milark v Meigher*, 56 AD3d 1018, 1021 [2008]).

Mercure, Spain, Lahtinen and Garry, JJ., concur. Ordered that the judgments are affirmed, without costs.