In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (McCormack, J.), entered March 20, 2012, which denied its motion to dismiss so much of the complaint as sought to recover damages accruing prior to March 28, 2010, and thereupon to remove the action to the District Court, Nassau County, pursuant to CPLR 325.
Ordered that the order is reversed, on the law, with costs, and the motion is granted.
From 1993 until 2010, the plaintiff was the Police Commissioner of the defendant, the Incorporated Village of Floral Park. In 1999, the plaintiff signed a contract with the Village that provided that he was to earn $5,000 more than the highest-ranking lieutenant for each year that he served as commissioner. In June 2010, after the plaintiff learned that he would not be reappointed as commissioner, he allegedly discovered, through conversations with his lieutenants, that they were earning more than he was. On November 2, 2010, the plaintiff filed a written claim with the Village, alleging that it breached its contract with him from 1999 through 2010. On September 28, 2011, the plaintiff commenced this action, alleging breach of contract, and seeking to recover the wages that allegedly were owed him for those years.
Pursuant to CPLR 9802, “no action shall be maintained against the village upon or arising out of a contract of the vil *778 lage unless the same shall be commenced within eighteen months after the cause of action therefor shall have accrued, nor unless a written verified claim shall have been filed with the village clerk within one year after the cause of action shall have accrued.” Where the claim is for the payment of a sum of money allegedly owed pursuant to a contract, the cause of action accrues when the plaintiff possesses a legal right to demand payment (see Kuo v Wall St. Mtge. Bankers, Ltd., 65 AD3d 1089, 1090 [2009]; Swift v New York Med. Coll., 25 AD3d 686, 687 [2006]). Here, as the Village correctly contends, the causes of action alleging breach of contract accrued at the end of each year that the plaintiff allegedly was not paid in accordance with his contract (see Mucerino v Firetector, Inc., 306 AD2d 330, 331 [2003]; Matter of South Colonie Cent. School Dist. [South Colonie Teachers’ Local 3014], 86 AD2d 686 [1982]). Since this action was not commenced until September 28, 2011, the Village established, prima facie, that the action was time-barred to the extent that the plaintiff sought to recover damages accruing prior to March 28, 2010, that is, 18 months prior to the commencement of the action (see Zaborowski v Local 74, Serv. Empls. Inti. Union, AFL-CIO, 91 AD3d 768 [2012]). In opposition, the plaintiff failed to raise a question of fact as to whether the statute of limitations had been tolled or was otherwise inapplicable, or whether he actually commenced the action within the applicable limitations periods (see id. at 769; Williams v New York City Health & Hosps. Corp., 84 AD3d 1358 [2011]). Contrary to the plaintiff’s contention, his lack of knowledge that the several breaches had occurred did not toll the running of the limitations period (see Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 403 [1993]; Sanchez de Hernandez v Bank of Nova Scotia, 76 AD3d 929, 930 [2010]). Further, the Supreme Court improperly relied on the discovery exception to the statute of limitations, applicable to causes of action alleging fraud (see CPLR 213 [8]; Percoco v Lesnak, 24 AD3d 427, 428 [2005]), since the plaintiff never alleged any fraud. The plaintiff’s contention that the Village should be equitably estopped from relying on the statute of limitations is improperly raised for the first time on appeal (see Mitchell v Nassau Community Coll., 265 AD2d 456 [1999]). In view of the foregoing, we need not reach the defendant’s contention regarding the written verified claim requirement.
In light of our determination, the damages sought in connection with the portion of the complaint that is not time-barred fall within the jurisdictional limit of the District Court. Therefore, removal to that court is appropriate (see CPLR 325 [d]; UDCA 202; Suk Hay Mui v Miller, 226 AD2d 182 [1996]). *779 Dillon, J.P., Angiolillo, Dickerson and Chambers, JJ., concur.