## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: August 6, 2015          519663

_____

JO ANN SOGHANALIAN, Formerly
    Known as JO ANN COLETTI,
                    Respondent-
                    Appellant,

        v                               MEMORANDUM AND ORDER

JOHN W. YOUNG et al.,
                    Appellants-
                    Respondents,
                    et al.,
                    Defendant.

_____

Calendar Date:   June 1, 2015

Before:   Lahtinen, J.P., Lynch, Devine and Clark, JJ.

_____

        McDonough & Artz, PC, Binghamton (Philip L. Artz of
counsel), for appellants-respondents.

        Schlather, Stumbar, Parks & Salk, LLP, Ithaca (Raymond M.
Schlather of counsel), for respondent-appellant.

_____

Clark, J.

        Cross appeals from an order of the Supreme Court (Lebous,
J.), entered December 18, 2013 in Broome County, which, among
other things, partially granted certain defendants' motion for
summary judgment dismissing the complaint against them.

        Defendant John W. Young served as legal counsel to
plaintiff and defendant Zaven Soghanalian, plaintiff's spouse,
who were involved in domestic and international business and real
estate transactions.  In 1985, Young formed defendant Stuart

Realty Enterprises, Inc. (hereinafter SRE) at Soghanalian's request to protect the assets of plaintiff and Soghanalian from creditors. Young has been the majority shareholder of SRE since its inception even though SRE's assets were acquired with funds provided by plaintiff and Soghanalian. It appears that plaintiff did not know that Young was a shareholder and believed for many years that she and Soghanalian were the only shareholders. Over time, the business and legal relationship between Young, Soghanalian and plaintiff grew complex and tumultuous until Young formally terminated their attorney-client relationship in 2008.

In May 2012, plaintiff commenced this action seeking damages for fraud (first five causes of action) and an involuntary dissolution of SRE (sixth cause of action). As relevant here, all of the defendants named in the complaint except Soghanalian moved for summary judgment dismissing the complaint against them, based upon, among other things, the statute of limitations. Supreme Court partially granted the motion by dismissing the five causes of action based upon fraud. Young and SRE (hereinafter collectively referred to as defendants)[1] appeal and plaintiff cross-appeals.[2]

An action based upon fraud must be commenced within "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it" (CPLR 213 [8]). The latter part of this rule is called the discovery exception, and its application is generally "a mixed question of law and fact which should not be resolved summarily unless it conclusively appears that the plaintiff had knowledge of facts which should have caused him or her to inquire and discover the

---

[1]  Supreme Court noted in its decision that plaintiff discontinued her claims against the other three defendants who had also moved for summary judgment.

[2]  Although defendants appealed from the order, they have abandoned that appeal by failing to address it in their brief (see Matter of Neroni v Granis, 121 AD3d 1312, 1314 n 2 [2014], appeal dismissed sub nom. Martens v Neroni, 25 NY3d 957 [2015]).

alleged fraud" (Hoffman v Cannone, 206 AD2d 740, 741 [1994]; see Trepuk v Frank, 44 NY2d 723, 724-725 [1978]).  Additionally, where, as here, a fiduciary relationship is involved, the doctrine of equitable estoppel may be invoked to defeat a statute of limitations defense so long as the plaintiff establishes that he or she commenced the action within a reasonable amount of time (see Doe v Holy See [State of Vatican City], 17 AD3d 793, 794-796 [2005], lv denied 6 NY3d 707 [2006]).

Here, plaintiff contends that her fraud claims are timely because Young concealed the alleged fraud from her until October 2008, when, after terminating his legal representation of plaintiff, Young sent a letter to plaintiff's counsel asserting that he was the majority shareholder of SRE.  While plaintiff admits that this alerted her to the alleged fraud, she waited until May 2012 – nearly four years later – to commence the instant action.  Although we do not discredit plaintiff's assertion that she did not know of the alleged fraud before 2008, her fraud claims are time-barred because the discovery exception allowed plaintiff only two years from the date that she should have reasonably discovered the alleged fraud to commence the action (see Durazinski v Chandler, 41 AD3d 918, 919-920 [2007]; Hoffman v Cannone, 206 AD2d at 741).  Moreover, plaintiff is not saved by the doctrine of equitable estoppel because she failed to commence the action within a reasonable amount of time after discovering the alleged fraud (see Doe v Holy See [State of Vatican City], 17 AD3d at 796).  Thus, although we find Young's conduct disturbing, we must affirm the dismissal of plaintiff's fraud claims.

To the extent not discussed herein, we have considered plaintiff's remaining arguments and have found them to be without merit.

Lahtinen, J.P., Lynch and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court