Ciprich v Atwood (2018 NY Slip Op 05395)





Ciprich v Atwood


2018 NY Slip Op 05395


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018

526016

[*1]CLAUDINE O. CIPRICH, Respondent,
v
WILLIAM T. ATWOOD, Appellant.

Calendar Date: June 8, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Clark and

 Pritzker, JJ.

The Law Office of Nancy M. Eraca, Elmira (Nancy M. Eraca of counsel), for appellant.
Schlather, Stumbar, Parks & Salk, LLP, Ithaca (Sujata Sidhu Gibson of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the Supreme Court (Rich Jr., J.), entered March 29, 2017 in Schuyler County, upon a decision of the court in favor of plaintiff.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in June 2006. In September 2014, the parties entered into a separation agreement, which was thereafter incorporated but not merged into a judgment of divorce. In July 2015, the wife commenced this action seeking to enforce certain provisions of the separation agreement. Specifically, the wife alleged two causes of action for breach of contract and sought specific performance of the separation agreement based upon the
husband's failure to pay off the balance of the mortgage on the marital home, failure to produce an original mortgage discharge and forward any resulting escrow refund, and failure to forward a $400 reimbursement check that he received based upon certain dental costs that she had incurred. The wife also alleged two causes of action for conversion based upon the husband's failure to forward the $400 reimbursement check and a $5,217.18 automobile insurance check that was issued to him, as the named insured on the policy, after her truck was damaged in a motor vehicle accident.
Following joinder of issue, the husband moved for summary judgment, among other things, dismissing the complaint. The wife opposed the husband's motion and thereafter cross-moved for summary judgment. Supreme Court (Faughnan, J.) partially granted the husband's motion by dismissing the wife's second cause of action for breach of contract based on his failure [*2]to forward the $400 reimbursement check and her third cause of action alleging conversion based upon same, but found that a triable issue of fact existed that precluded summary judgment in favor of either party on the two remaining causes of action. The husband thereafter amended his answer to include a counterclaim seeking specific performance of the personal property provisions set forth in the agreement. Following a nonjury trial, Supreme Court (Rich Jr., J.) determined, among other things, that the husband had materially breached the parties' separation agreement by failing to provide the wife with an original mortgage discharge, failing to sign the necessary papers to accomplish the transfer of the marital residence and unjustly withholding the $5,217.18 automobile insurance check. Supreme Court also determined that the wife was entitled to specific performance of the separation agreement and awarded counsel fees in her favor. The husband now appeals.
Initially, the husband contends that Supreme Court (Faughnan, J.) erred in not granting summary judgment dismissing the wife's fourth cause of action alleging that he converted a $5,217.18 automobile insurance check that was issued to him by the insurance company to pay for the damage incurred to the wife's truck following a motor vehicle accident. We disagree. A conversion occurs "when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50 [2006]; accord Cassadei v County of Schenectady, 50 AD3d 1439, 1442 n 2 [2008]). "Two key elements of conversion are (1) [the] plaintiff's possessory right or interest in the property and (2) [the] defendant's dominion over the property or interference with it, in derogation of [the] plaintiff's right" (Colavito v New York Organ Donor Network, Inc., 8 NY3d at 50 [internal citation omitted]). Notably, "where possession of property is initially lawful, conversion occurs when there is a refusal to return the property upon demand" (Salatino v Salatino, 64 AD3d 923, 925 [2009], lv denied 13 NY3d 710 [2009]).
There is no dispute that the wife was the titled and registered owner of the truck at the time of the subject accident. There is also no dispute that, despite the parties' divorce, the wife's truck remained insured under the husband's automobile insurance policy at the time of the accident, and the $5,217.18 automobile insurance check subsequently issued to the husband — which he acknowledges receiving — was intended as payment for the damages sustained as a result thereof. While the husband met his initial burden establishing his entitlement to summary judgment by submitting, among other things, his own affidavit and a copy of the automobile insurance policy demonstrating that he was entitled to receive the check as the named insured on the automobile insurance policy (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), we find that the wife submitted evidence in opposition to the husband's motion creating a triable issue of fact as to whether his failure to subsequently turn over the proceeds of the automobile insurance check constituted a conversion of the $5,217.18 check (see generally De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
In opposition to the husband's motion and in support of her cross motion for summary judgment, the wife submitted, among other things, a transcript of her deposition testimony, a copy of the parties' separation agreement and two letters dated January 7, 2015 and February 26, 2015 between counsel for the respective parties. The wife testified that, following the parties' September 2014 divorce, she attempted to remove herself from the husband's automobile insurance policy, but was unable to do so because it was a "military policy" and the husband needed to provide certain information to the insurance company before she could effectively be removed therefrom. The husband, however, was not cooperative in this regard. The parties' separation agreement, meanwhile, provides, that "[e]ach party shall at any time, and from time to [*3]time, take any and all steps, and execute, acknowledge and deliver to the other party, any and all instruments and assurances that the other party may reasonably require or find convenient, expedient or business-like for the purpose of giving full force and effect to the terms of this [a]greement."
Certainly, as the sole owner of the damaged truck and a listed operator on the subject insurance policy, the wife had an interest in the proceeds of the insurance check [FN1]. Although the husband failed to remove the wife from his insurance policy, acknowledged that the insurance check that he received was intended to pay for damages sustained to the wife's truck and that he had no ownership interest in the wife's truck pursuant to the express terms of the separation agreement, a January 2015 letter from the husband's counsel demonstrates that the husband was nevertheless intentionally withholding the check from the wife in an effort to get her to acquiesce to his demand for certain items of personal property that were allegedly still located at the former marital residence. Moreover, despite numerous demands by the wife seeking to have the husband turn over the insurance check — as outlined in her counsel's February 2015 letter submitted in support of her cross motion — her demands were apparently ignored and delivery of the check was not forthcoming. Based on the foregoing, we find no error in Supreme Court's determination that a triable issue of fact existed with regard to whether the husband's conduct constituted a conversion of the automobile insurance check, precluding an award of summary judgment in his favor.[FN2]
We likewise find without merit the husband's contention that Supreme Court (Rich Jr., J.) erred in granting the wife's first cause of action seeking specific performance of the separation agreement following trial. Contrary to the husband's assertion, there was no evidence in the record establishing that the wife anticipatorily repudiated the separation agreement thereby justifying his failure to perform his corresponding duties pursuant thereto. Even assuming, as the husband asserts, that the wife had an obligation to provide him with certain personal property consisting of a Rugar pistol and certain pictures contained on an iCloud/iTunes account and failed to turn over same, such conduct did not evince any intent on the part of the wife to repudiate or abandon the separation agreement (see Pugsley v Pugsley, 288 AD2d 284, 285 [2001]; Zambito v Zambito, 171 AD2d 918, 920-921 [1991], appeal dismissed 78 NY2d 1125 [1991]). In any event, Supreme Court properly found that the husband was not entitled to receive any additional items of tangible personal property pursuant to the plain language of the parties' separation agreement. The separation agreement, entered into on September 9, 2014, provides, in relevant part, that, "[a]ll items of tangible personal property, including household goods and furnishing, personal clothing and effects, and vehicles, have been divided between the parties to their own mutual satisfaction." Contrary to the husband's assertion, the fact that he continued to reside at the marital residence for nine additional days after the separation agreement was signed did not entitle him to any additional items of personal property, because the parties had already agreed that such items of personal property were previously divided and the record is devoid of any indication that the husband reserved his right to seek additional personalty based on events postdating the execution of the separation agreement. Accordingly, we likewise discern no error in Supreme Court's denial of the husband's counterclaim seeking specific performance of the separation agreement.
Lastly, we find the husband's contention that Supreme Court improperly awarded the wife counsel fees to be unavailing. The parties' separation agreement specifically provided that "[i]f either party is found in breach of [the] agreement, the breaching party shall be responsible for all counsel fees and costs incurred in instituting and prosecuting such action to enforce the terms, conditions, or obligations of [the] agreement." Contrary to the husband's assertion, although Supreme Court did find that the husband's arguments and conduct were abusive, in bad faith and frivolous, it did not expressly indicate that its award of counsel fees was based upon this determination. Instead, given the evidence clearly establishing that the husband breached the parties' separation agreement, we find that, under the circumstances, the award of counsel fees was appropriate and in accordance with the clear terms of the separation agreement (see Habib v Habib, 77 AD3d 1103, 1105 [2010]; Haydock v Haydock, 254 AD2d 577, 578 [1998]; see also Domestic Relations Law § 238).
McCarthy, J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: The insurance policy submitted into evidence does not indicate whether the wife was denominated as a loss payee on the policy.

Footnote 2: In light of our holding, we need not address plaintiff's contention with respect to unjust enrichment.