O'Reilly v Klar (2018 NY Slip Op 08672)





O'Reilly v Klar


2018 NY Slip Op 08672


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-08008
 (Index No. 608441/16)

[*1]William J. O'Reilly, respondent, 
v
Michael M. Klar, appellant.


Charles A. Singer, Great Neck, NY, for appellant.
Hoguet Newman Regal & Kenney, LLP, New York, NY (Frederic S. Newman and Andrew N. Bourne of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for aiding and abetting fraud in the inducement, the defendant appeals from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered July 17, 2017. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint is granted.
The defendant, an attorney, previously represented the plaintiff's former wife in the negotiation of a separation agreement and in a subsequent matrimonial action. The plaintiff commenced this action on November 1, 2016, asserting causes of action sounding in fraud. The plaintiff alleged, in essence, that the defendant aided and abetted the plaintiff's former wife in making misrepresentations regarding her intent to comply with certain terms in the separation agreement for the purpose of inducing the plaintiff to enter into that agreement, which by its terms was incorporated into but not merged with the subsequent judgment of divorce. The defendant moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint on the ground that it was time-barred. The Supreme Court denied the motion. We reverse.
" On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations, a defendant must establish, prima facie, that the time within which to sue has expired. Once that showing has been made, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled, an exception to the limitations period is applicable, or the plaintiff actually commenced the action within the applicable limitations period'" (Quinn v McCabe, Collins, McGeough & Fowler, LLP, 138 AD3d 1085, 1085-1086, quoting Tsafatinos v Law Off. of Sanford F. Young, P.C., 121 AD3d 969, 969).
Actions based on fraud, including the fraudulent conduct alleged in this lawsuit, are subject to the statute of limitations of "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it" (CPLR 213[8]; see Carbon Capital Mgt., LLC v American Express Co., 88 AD3d 933, 939; Percoco v Lesnak, 24 AD3d 427, 428). A separation agreement which does not [*2]merge with the judgment of divorce survives as a contract, and a cause of action to recover for fraudulent inducement to enter into a contract accrues upon the execution of the contract (see Percoco v Lesnak, 24 AD3d at 428; Rogal v Wechsler, 135 AD2d 384, 385; Matter of Ply * Gem of Laurel (Lee), 91 AD2d 513, 513).
Here, the defendant sustained his initial burden on the motion to dismiss by demonstrating that the fraud causes of action herein arose out of and accrued upon the execution of the separation agreement in April 2010, which agreement provided that it was to be incorporated into, but not merged with, any ensuing judgment of divorce. It is undisputed that the plaintiff commenced this action more than six years after the separation agreement was executed, and more than two years after the plaintiff discovered the alleged fraud (see Seidenfeld v Zaltz, 162 AD3d 929, 934; Percoco v Lesnak, 24 AD3d at 428; Garguilio v Garguilio, 210 AD2d 617, 617-618). In response, the plaintiff failed to raise a question of fact warranting the denial of the defendant's motion.
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
In light of the foregoing, we do not reach the parties' remaining contentions.
MASTRO, J.P., COHEN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court