English v Brady (2025 NY Slip Op 07131)

English v Brady

2025 NY Slip Op 07131

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, NOWAK, AND KEANE, JJ.

769 CA 25-00125

[*1]TRACY A. ENGLISH, III, PLAINTIFF-RESPONDENT,
v
BRANDON M. BRADY, BRANDON M. BRADY FARMS, INC., DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 

BOND, SCHOENECK & KING, PLLC, ROCHESTER (KARL Z. DEUBLE OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
PHILIPPONE LAW OFFICES, ROCHESTER (KRISTIAN KLEPES OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Livingston County (Daniel J. Doyle, J.), entered December 27, 2024. The order, insofar as appealed from, granted the motion of plaintiff insofar as it sought leave to amend the complaint to add a cause of action for rescission. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and that part of the motion for leave to amend the complaint to add a cause of action for rescission is denied.
Memorandum: Plaintiff commenced this action in 2023 seeking monetary damages for the alleged breach by defendants-appellants (defendants) of a provision in a deed, by which plaintiff transferred land to defendant Brandon M. Brady, that reserved for plaintiff certain rights with respect to that land (reservation). The deed was executed and recorded in 2012, and Brady later transferred the land to defendant Brandon M. Brady Farms, Inc. After certain motion practice and partial discovery occurred, plaintiff moved for, inter alia, leave to amend the complaint to add a cause of action for rescission, alleging that defendants' understanding of the reservation was materially different from plaintiff's, and therefore there had been no meeting of the minds. Supreme Court granted the motion to that extent, and we now reverse the order insofar as appealed from.
It is well settled that leave to amend a pleading " 'shall be freely given,' " provided the amendment is not palpably insufficient on its face, does not prejudice or surprise the opposing party, and is not patently devoid of merit (McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755, 757 [1983], quoting CPLR 3025 [b]; see Wojtalewski v Central Sq. Cent. Sch. Dist., 161 AD3d 1560, 1561 [4th Dept 2018]; Bryndle v Safety-Kleen Sys., Inc., 66 AD3d 1396, 1396 [4th Dept 2009]). The decision to permit an amendment is within the sound discretion of the court (see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]).
"Rescission is an equitable cause of action . . . , [and] therefore the six-year [s]tatute of [l]imitations" set forth in CPLR 213 (1) applies (Van Dussen-Storto Motor Inn, Inc. v Rochester Tel. Corp., 63 AD2d 244, 250 [4th Dept 1978]; see Mandour v Rafalsky, 238 AD3d 637, 638 [1st Dept 2025]; Hoffman v Cannone, 206 AD2d 740, 740 [3d Dept 1994]). Further, inasmuch as plaintiff did not allege continuing fraud or duress (see Rubin v Rubin, 275 AD2d 404, 405 [2d Dept 2000], lv dismissed 95 NY2d 958 [2000]; Hoffman, 206 AD2d at 740-741), the proposed rescission cause of action accrued at the time the deed was executed in 2012 (see Van Dussen-Storto Motor Inn, Inc., 63 AD2d at 250). Because " 'a proposed amendment generally is considered patently devoid of merit if it is time-barred under the applicable statute of limitations' [*2]" (Great Neck Lib. v Kaeyer, Garment & Davidson Architects, P.C., 236 AD3d 873, 875-876 [2d Dept 2025]), and because the statute of limitations for the proposed cause of action had expired prior to the time the original complaint was filed in 2023, the court abused its discretion in granting that part of the motion seeking leave to amend the complaint to add a cause of action for rescission (see Deutsche Bank Natl. Tr. Co. v McAvoy, 188 AD3d 808, 810 [2d Dept 2020]; Carlino v Shapiro, 180 AD3d 989, 990 [2d Dept 2020]; Gelmac Quality Feeds, Inc. v Ronning, 23 AD3d 1019, 1020 [4th Dept 2005]). We therefore reverse the order insofar as appealed from and deny plaintiff's motion to that extent.
In light of our determination, defendants' remaining contentions are academic.
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court