Jared V. v Nikki X. (2026 NY Slip Op 00176)

Jared V. v Nikki X.

2026 NY Slip Op 00176

Decided on January 15, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 15, 2026

CV-24-1654
[*1]Jared V., Appellant,
vNikki X., Formerly Known as Nikki ., Defendant.

Calendar Date:November 17, 2025

Before:Garry, P.J., Clark, Aarons, McShan and Mackey, JJ.

Law Office of Maurice J. Verrillo, PC, Rochester (Maurice J. Verrillo of counsel), for appellant.

Clark, J.
Appeal from an order of the Supreme Court (Oliver Blaise III, J.), entered September 6, 2024 in Broome County, which granted defendant's motion for summary judgment dismissing the complaint.
As more fully set forth in our prior decision involving these parties (see Matter of Madelyn V. [Lucas W.-Jared V.], 199 AD3d 1249 [3d Dept 2021], lv denied 38 NY3d 901 [2022]), plaintiff and defendant were previously married and had one child together during the marriage (born in 2011). After the parties divorced, plaintiff was convicted of attempted sexual assault of a minor child and, in or around 2017, began serving an eight-year prison term imposed upon that conviction.
Defendant subsequently remarried, and her new husband commenced a proceeding to adopt the subject child, arguing that plaintiff's consent to the adoption was not required due to abandonment (see Domestic Relations Law § 111 [1] [b]; [2] [a]). Following a hearing, Family Court (Connerton, J.), by decision and order entered February 21, 2020, granted the petition, finding that plaintiff's consent to the adoption was not required since the proof established, by clear and convincing evidence, that plaintiff had abandoned the child. In 2021, this Court affirmed that determination upon plaintiff's appeal (see Matter of Madelyn V. [Lucas W.-Jared V.], 199 AD3d at 1253).
In September 2022, plaintiff commenced the instant action alleging that defendant perpetrated fraud during the divorce action and the adoption proceeding, which, he claimed, "culminated in the termination of [his] parental rights." The complaint sought, among other things, to have the parties' 2015 separation agreement set aside as fraudulent and to modify the terms of the divorce judgment as it pertained to custody, visitation and equitable distribution. Defendant filed an answer denying the allegations and interposing six affirmative defenses, including that plaintiff's claims were barred by the statute of limitations and precluded under the doctrine of laches. Plaintiff subsequently filed an amended verified complaint further detailing the nature of his claims, alleging, among other things, that his signature on the parties' 2015 separation agreement was forged, that defendant had coerced him into signing the parties' divorce papers under duress and that defendant made misrepresentations during the adoption proceedings.
After filing an amended answer with affirmative defenses, defendant moved for summary judgment dismissing the complaint. Over plaintiff's opposition, and following oral argument on the matter, Supreme Court granted defendant's motion in full, finding, among other things, that plaintiff's claims were not timely commenced within the applicable statute of limitations and, alternatively, were barred under the doctrine of laches.[FN1] Plaintiff appeals.
We affirm. Contrary to plaintiff's contention, Supreme Court properly granted defendant's motion for summary judgment, as plaintiff's claims for fraud are time-barred [*2]and there are no outstanding questions of fact precluding judgment as a matter of law in that regard. Pursuant to CPLR 213 (8), a cause of action sounding in fraud shall be commenced within "six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it." "Although the question of when a plaintiff could with reasonable diligence have discovered the alleged fraud is ordinarily a mixed question of law and fact, summary dismissal is appropriate where it conclusively appears that the plaintiff has knowledge of facts which should have caused him or her to inquire and discover the alleged fraud" (Seidenfeld v Zaltz, 162 AD3d 929, 936 [2d Dept 2018] [internal quotation marks, brackets and citations omitted]; see Soghanalian v Young, 131 AD3d 744, 745 [3d Dept 2015]). "The inquiry as to whether a plaintiff could, with reasonable diligence, have discovered the fraud turns on whether the plaintiff was possessed of knowledge of facts from which the fraud could be reasonably inferred" (Sargiss v Magarelli, 12 NY3d 527, 532 [2009] [internal quotation marks, brackets and citation omitted]). As the movant for summary judgment, "defendant must show that there is no issue of fact under either [of the CPLR 213 (8)] prong[s]" (Sabourin v Chodos, 194 AD3d 660, 661 [1st Dept 2021]).
Here, plaintiff's fraud claims are premised upon allegations that defendant forged his signature on the 2015 separation agreement (even though his signature was notarized), that he signed the May 2016 divorce papers under duress and while intoxicated, and that defendant gave false testimony during the 2019 hearing held in the adoption proceeding. Even providing plaintiff with the benefit of every favorable inference as the nonmoving party, Supreme Court properly concluded, as a matter of law, that his fraud claims relative to the signing of the separation agreement and the divorce papers were barred by the six-year statute of limitations, and were not saved by the two-year discovery exception (see Goldring v Goldring, 290 AD2d 365, 365 [1st Dept 2002]). Indeed, the record contains a copy of the separation agreement, which was executed in October 2015, as well as copies of the divorce papers, which were signed by plaintiff in May 2016. Plaintiff did not commence the instant action within six years of either of these dates.
As for the two-year discovery exception set forth in CPLR 213 (8), the record contains a copy of an affidavit plaintiff signed in the divorce proceeding, dated May 18, 2016, wherein he confirmed that the action had been "resolved" by a separation agreement, demonstrating that he was aware of the existence of the agreement by that date. An excerpt from the transcript of the hearing held in the adoption proceeding in 2019 — which is contained in the record — also demonstrates that the 2015 separation agreement was entered into evidence during that hearing and defendant [*3]confirmed at that time that plaintiff's signature was on the document. Recognizing as much, Supreme Court utilized February 21, 2020 — the date Family Court issued its decision in the adoption proceeding — as the accrual date for purposes of applying the two-year discovery exception set forth in CPLR 213 (8), finding that this was the latest date by which plaintiff should have, with reasonable diligence, discovered the alleged fraud.[FN2] Insofar as the record conclusively demonstrates that plaintiff was aware, by at least the time Family Court issued its decision in the adoption proceeding on February 21, 2020, that a separation agreement bearing his signature was in existence, Supreme Court properly determined as a matter of law that the fraud claims, filed over two years later, were time-barred under the discovery exception set forth in CPLR 213 (8) (see Soghanalian v Young, 131 AD3d at 745; Williams-Guillaume v Bank of Am., N.A.,130 AD3d 1016, 1017 [2d Dept 2015]; Shalik v Hewlett Assoc., L.P., 93 AD3d 777, 777 [2d Dept 2012]; Goldring v Goldring, 290 AD2d at 365).
Plaintiff's contention that the continuing wrong doctrine tolled the statute of limitations in this case is unavailing, as is any argument premised upon his difficulty in obtaining legal counsel to aid him in bringing this action (see Henry v Bank of Am., 147 AD3d 599, 602 [1st Dept 2017]). Moreover, plaintiff's reliance on Faison v Lewis (25 NY3d 220 [2015]) and its progeny for the proposition that the 2015 separation agreement was void ab initio and, thus, no statute of limitations defense exists, is misplaced. In Faison, the Court of Appeals concluded, based upon public policy considerations, that "challenges to forged deeds" are "distinct from other [fraud] claims, and exempt from a statute of limitations defense" (id. at 227 [emphasis added]). This case does not concern an allegedly forged deed and we decline to apply Faison and its progeny here (see Busher v Barry, ___ F3d ___, ___, 2021 WL 5071871, *4 n 1 [2d Cir 2021]).
Under the circumstances of this case, Supreme Court also properly concluded, as a matter of law, that the doctrine of laches precluded all of plaintiff's claims regardless of whether they were time-barred (see Jean v Joseph, 117 AD3d 989, 990 [2d Dept 2014]). In light of our determination, plaintiff's claim that Supreme Court erred in concluding, as an alternative holding, that he ratified the 2015 separation agreement, is academic.
Garry, P.J., Aarons, McShan and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Supreme Court further concluded that plaintiff had ratified the 2015 separation agreement and, thus, his claim seeking to set aside the contract would not be viable even if it was not time-barred or precluded by the doctrine of laches.

Footnote 2: Supreme Court explained that it was providing plaintiff with "every favorable inference" in using the date that Family Court issued its decision in the adoption proceedings as the relevant accrual date under the discovery exception set forth in CPLR 213 (8), noting that the record would have supported setting the accrual as May 18, 2016. We agree.